NEWTON J. NEAL vs. JAMES P. ALLISON and Others

SALE OF LAND BY THE ACRE. *v. Defficiency, abatement of purchase money.*

(1) When land is purchased by the acre, and notes given for the payment of the purchase money, the amount of which is estimated from the number of acres contained in the tract as shown by a plat of the same exhibited at the sale, and it afterwards turns out that through a mistake in the survey upon which such plat is founded, there is a deficiency in the number of acres in the tract sold, equity will decree an abatement of the purchase money to the extent of the deficiency.

SAME. *Contract of Sale Deed.*

(2) Whether the sale was by the acre or in gross is to be determined by the contract of sale, and not by the deed. (Miller v. Bently, 5 Sneed, 671.)

Caruthers, J., delivered the opinion of the Court:

This is a bill for the abatement of the price given for a tract of land, sold at public auction, on account of a deficiency in quantity.

The defendant, James P. Allison as executor of his father, proceeded to sell his lands in Bedford county, under the directions of the will. After due notice by public advertisement the land was sold, November 25th, 1852, and the complainant became the purchaser, executed his two notes at three and four years, and received a deed. It is very clearly proved that the sale was by the acre, and it was struck off to complainant as the highest and best bidder, at $13.80 per acre. A plat made upon a recent survey of the land was exhibited to the crowd and submitted to the inspection of the bidders, and all parties believed the estimated quantity to be correct.

The defendants insist that the purchaser was to take the

land at the quantity represented in the plat, and such is the proof of one witness—perhaps the auctioneer.

But the proof preponderates against that condition, any further than it might be implied from the exhibition of the plat, and the sale of the whole to the same purchaser.

Our conclusion as to the fact is, that the sale was not of the whole, but by the acre. The amount for the consideration for which the notes were given was ascertained by calculating the number of acres represented by the plat, 1035, at $13.80 per acre, making $14,285. The deed executed described the whole tract sold by metes and bounds, according, to the survey, and it is distinctly proved, that there is a deficiency of sixty-eight acres, and some poles. The Chancellor decreed an abatement of the consideration, which is not yet paid, of $1115.69, and the defendants appealed.

Is this decree sustained by the authorities? In our latest case, Miller vs. Bently, 5 Sneed, 671, we held that where a sales of land is in gross, and not by the acre, and the boundaries are correctly given, without some stipulation as to quantity, or the existence of fraud, there can be no relief for a deficiency, unless it is so great as to create a presumption of fraud. This was in conformity to the cases of Allison vs. Allison, 1 Yerg. 16, and Meek vs. Bearden, 5 Yerg. 566. But in that case we allowed an abatement because the *sale was by the acre*, although the deed afterwards made was in the form of a sale and conveyance in gross. The case of Horn vs. Deaton, 2 Sneed 132, recognizes the same doctrine, although the case turned upon a different ground, and the question was upon an excess, for which an additional compensation was demanded and allowed.

That was a partition among heirs, some of them *being under disability*.

There was a distinction made in the books as to the right to an abatement for a deficiency, where the words " *more or less,*" or " *by estimation,*" are used between actual conveyances, and agreement to convey. It is allowed in the latter case where it would not be in the former. Sugden on Vendors, 295.

But that is not the case in judgment now.—This is a case of sale by the acre. The deed is not in the record and we cannot tell what are its terms, nor is it material, as according to the case of Miller vs. Bently, before cited, this question must be determined by the by the contract of sale, and not the form of the deed.

In addition to our own cases already referred to, it is laid down by Sugden 294, sustained by a case in 2 Eq. Ca. Abr. 688, that " if an estate be sold at so much per acre, and there is a deficiency in the number conveyed, the purchaser will be entitled to a compensation, although the estate was estimated at that number by an old survey.

In this case the tract was estimated by an inaccurate recent survey, to contain 1035 acres, but it turns out that there is a deficiency of sixty-eight acres.

We think there can be no doubt that the complainant is entitled to an abatement of the price to the extent of the value of this deficiency. There is no fraud, but mutual mistake, and the sale was by the acre, and not by the tract. The complainants notes were taken for more acres than he gets, and in equity and conscience he is entitled to relief.

The decree will be affirmed.

*Decree affirmed.*

* See Henson v. Bridgman, *supra.* p. 70, last par. note.

See Barnes v. Gregory, 1 Head. 230, when relief was given to the vendor as against the vendee for an excess in the quantity of land conveyed by the acre.

Newton J. Neal v. James P. Allison and Others.

See also Allison v. Allison, 1 Yerg. 16. But that was an action of covenant when land was sold by certain specific bounds, the deed describing the quantity as 300 acres. *Held* that this was descriptive and did not amount to a covenant that the tract included in the boundaries should amount to 300 acres. (Haywood, J., dissenting.)

In Meek v. Bearden, 5 Yerg. 467, a bill was filed by a vendee for an abatement of the purchase money, alleging a defect in quantity. The language of Jarnagin, Special J., p. 470 indicates the grounds on which relief was refused : " It is well settled in courts of equity that compensation will not be decreed for defect of quantity, unless quantity regulated or formed the principle of the contract. It did not do so in the present case."

In Bond v. Jackson, 3 Hayw. 189, when the deed after reciting the metes and bounds, added, "*to contain 840 acres held,* that this amounted to a stipulation that it did contain 840 acres, and there being proof of a deficiency, relief was granted.

But in Meek v. Bearden, (cited *supra,*) p. 5 Yerg. 471, the Court said : " We know of no precedent that would be a warrant for doing what we are now asked to do ; and when we make this declaration, we are aware of the case of Bond against Jackson, 3 Haywood's Reports, 189. Without pretending to decide whether the law was or was not administered correctly in that cause under its own peculiar circumstances, we are prepared to say that we cannot adopt that case as authority in the present cause, or for any general principle."