5L 331|
8L 509|

5L 331
116    67

JOHN MYERS v. J. S. LINDSAY et al.

LAND. *Sale by the acre.* *Parol evidence inadmissible, when.* A sale by a commissioner, under a judicial decree, of land surveyed and divided into lots, the report of the sale and the decree of confirmation showing a sale to each purchaser of so many acres at so much per acre, amounting to the sum for which the purchase notes were given and cash payments made, is a sale by the acre, and parol evidence is inadmissible to show the contrary.

FROM CAMPBELL.

Appeal from the Chancery Court at Jacksboro. O. P. TEMPLE, Ch.

HENDERSON & JOUROLMON for complainant.

W. P. WASHBURNE, H. R. GIBSON and A. S. PROSSER for defendant.

COOPER, J., delivered the opinion of the court.

In a chancery suit of Wm. Cary against David Hart and others, a certain tract of land was ordered to be sold, for partition, at public sale to the highest bidder, on a credit of one and two years, with interest, except the sum of ten per cent., which was to be paid in cash. The defendant, J. S. Lindsay, was appointed special commissioner to make the sale, with directions "to lay off the same in lots or tracts of such size and number as will suit purchasers, and cause the same to bring the highest price." The commissioner was required to offer the same first in lots, and then as a whole, and adopt the sale that brought the highest price. The sale was to be made on the premises. The commissioner reported to the court that, after having had the land surveyed into ten several lots, he proceeded to sell as directed. The land was first sold as subdivided, averaging eighty-nine and six-tenth acres, and brought in the aggregate $19,392.67. The land was then sold as subdivided into seven lots averaging 128 acres, and brought in the aggregate $19,404.92. And finally the whole, ·excepting the tract bid off by Henderson Dossett, was offered for sale, but no bid was made. The second sale having thus brought the most money was adopted, and the bidders at said second sale notified that their

bids were received and accepted. At said second sale the several tracts were struck off as follows:

| No. of tract. | No. of acres. | To whom struck off. | Price per acre. | Amount of sale. |
|---|---|---|---|---|
| 1 | 256 | W. J. Scruggs, ag't of Henry Sharp. | $27.47 | $7,032.32 |
| 2 | 245 | W. J. Scruggs, ag't of Geo. Delap. | 30.72 | 7,527.25 |

The other tracts followed in like order and detail. The purchasers paid ten per cent. on their respective bids in cash, and executed notes as required. The report was confirmed, and the title to the several lots divested out of the parties and vested in the purchasers, subject to a lien for the unpaid purchase money. The present bill was filed December 19, 1872, by Geo. Delap, the purchaser of lot No. 2, to have an abatement of the purchase price, upon the ground that the tract contains only 198 acres instead of 245 acres, making a difference of 47 acres. The chancellor overruled a demurrer to the bill, but afterwards, on final hearing, was of opinion that the sale was not by the acre, and dismissed the bill with costs, and the complainant appealed. Delap died pending the suit, and Myers became his administrator.

It is agreed by the parties that there is a deficiency in the acreage of lot No. 2 as estimated in the report, and that this deficiency shall be ascertained by survey, if the court should find that the complainant is entitled to an abatement in the purchase price.

The rule as established in this State in regard to private sales of land, is, that if the sale be in gross for a defined tract of land, a statement of the number of acres in the contract or conveyance will be

merely descriptive, and, in the absence of fraud or other equitable circumstances, the purchaser cannot claim an abatement in the purchase price by reason of a deficiency in the number of acres, unless it be so great as to shock the conscience. *Allison* v. *Allison*, 1 Yer., 16; *Meek* v. *Bearden*, 5 Yer., 467. If, on the other hand, the sale be by the acre, the purchaser is entitled :to an abatement for the deficiency. *Miller* v. *Bentley*, 5 Sneed, 671; *Neal* v. *Allison*, Thomp. Cas., 210. And, in the latter case, the purchaser may be compelled to pay for an excess in the quantity of land. *Barnes* v. *Gregory*, 1 Head, 230. The same rules apply ordinarily to a sale made under judicial proceedings for the purposes of partition. *Shields* v. *Thompson*, 4 Baxt., 227; *Miller* v. *Martin*, MS., December term, 1874; *Horn* v. *Denton*, 2 Sneed, 126. Or in the execution of a power for division among legatees. *Williams* v. *Bradley*, 7 Heis., 54. In the last two cases the rulings are, in effect, that it is the duty of the person authorized to make the sale to ascertain in advance the exact number of acres in the tract to be sold, and to sell only what the parties actually own. The rule may be otherwise in sales in *invitum*. *Staunton* v. *Harris*, 9 Heis., 579; *Hously* v. *Lindsay*, 10 Heis., 651; *Foster* v. *Bradford*, 1 Tenn. Ch., 400. Where the boundaries of the land are given in the contract of sale, and there is no stipulation as to quantity, although the number of acres be mentioned, the sale, in the absence of fraud, is in gross. 5 Sneed, 671; Thomp. Cas., 210. And it is the contract of sale, not the deed, which must determine

whether the sale is by the acre or in gross. The confirmation of the report of sale by the court constitutes the contract in judicial sales. *Eakin & Co.* v. *Herbert,* 4 Cold., 116.

Tested by these rules, the sale brought under consideration in this case was a sale by the acre, and the complainant is entitled to an abatement in the purchase price for any deficiency. And so long as the decree stands unreversed and unimpeached in any of the modes in which this may be done, parol testimony is inadmissible to show a different contract. Such also is the law in private contracts reduced to writing, which cannot be altered by oral evidence, except upon a bill expressly filed for the purpose. *Bridges* v. *Robinson,* 2 Tenn. Ch., 720.

The decree of the chancellor will be reversed, and a decree rendered here in accordance with this opinion. The costs will be paid by the defendant Lindsay, and allowed him as a credit in his settlement as commissioner. If he has already settled with the court, the costs will be paid out of the funds, or by the defendants.