CHARLES DEERING *et al.*

*v.*

ANTON BARZAK.

*Opinion filed April 18, 1907.*

1. PLEADING—*when amended count does not allege new cause of action.* When the gist of the cause of action alleged in the original declaration and an amended count consists of an alleged breach of duty of the master with respect to the safety of the servant's place of work, the fact that the amended count charges that certain obstructions had been placed in a gangway "with the knowledge" of the master's foreman, whereas the original declaration charges that the same were placed there "by the order" of such foreman, does not amount to an averment of a new cause of action in the amended count.

2. DAMAGES—*total or partial loss of virility is an element of damage.* The total or partial loss of virility resulting from an injury wrongfully inflicted by another is, under proper averments, a proper element of damage, and proof of the fact of such loss, to-

gether with the fact that prior to his injury the plaintiff was the father of children, is proper. (*Postal Telegraph Co.* v. *Likes,* 225 Ill. 249, followed.)

3. MASTER AND SERVANT—*when liability is not excused because of act of fellow-servant.* Where a servant is ordered by his foreman to pass through a gangway to bring back a ladle of molten iron, the fact that after he had passed through the gangway a fellow-servant placed an obstruction therein, over which the servant fell when returning with the molten iron, does not excuse the master from liability, where the foreman knew, or in the exercise of reasonable care should have known, of the placing of the obstruction in the gangway in time to have had it removed before the servant's return.

4. INSTRUCTIONS—*when instruction does not impose on master too high a degree of care.* An instruction requiring the master "to have used ordinary care *and prudence* in furnishing the plaintiff with a reasonably safe passageway, at the time of the accident, along which to carry molten metal, and to have used *all* reasonable precautions to maintain and keep such passageway in a reasonably safe condition," is not misleading, as imposing too high a degree of care on the master.

5. SAME—*when an instruction does not invade province of jury.* An instruction directing the jury, in determining the preponderance, to consider the opportunities of the witnesses for seeing and knowing; their demeanor, interest or lack of interest in the result; their relation or connection with the parties; the apparent consistency, fairness and congruity of their evidence and the probability or improbability of its truth, in view of all the other evidence, facts and circumstances, does not invade the province of the jury.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action on the case for a personal injury, in which Anton Barzak, appellee, recovered $5000 damages against appellants, doing business as the Deering Harvester Company, in the superior court of Cook county, which judgment, upon appeal to the Appellate Court for the First District, has been affirmed, and the cause has been removed to this court by this further appeal.

Appellee was injured while in the employ of appellants
as a moulder in the iron foundry which appellants were
conducting in connection with a manufacturing plant.   The
appellee and the other employees of the appellants were en-
gaged in work around furnace No. 4 under the direction
and control of James Dillon, foreman.   Part of appellee's
duty was to take the molten iron from the furnace and pour
it into the moulds.   At the time of the injury furnace No. 4
was cold,—that is, contained no molten iron.   Between five
and six o'clock on the seventh day of December, 1901, the
appellee and his partner, Olechnia, were making prepara-
tions to go home for the day, for the reason that the ore
was exhausted in furnace No. 4.   At this time Dillon, the
foreman, ordered them to go to furnace No. 5 and get iron
and pour the remainder of their moulds.   Furnace No. 5
was located about one hundred and fifty or one hundred
and sixty feet from furnace No. 4.   In going from No. 4
to No. 5 it was necessary to pass through a gangway five
or six feet wide to the north wall of room 4.   At the north
end of the gangway a door opened into a sort of alley or
passageway that ran approximately east and west between
rooms 4 and 5.   This alley was about fourteen feet wide.
Crossing the alley, another door opened into the south end
of a gangway in room 5, which led out in a northerly direc-
tion to the furnace room where furnace No. 5 was located.
Appellee and Olechnia took their ladles and proceeded over
the route described to furnace No. 5.   It required from ten
to fifteen minutes to get their ladles heated and filled with
molten iron, ready to return.   On the return Olechnia pre-
ceded appellee through the gangway until he reached the
door which opened into room 4.   Here Olechnia happened
to have an accident by striking the door with his ladle, which
caused him to stop.   Appellee passed him and proceeded
south at a brisk pace, carrying his ladle of molten iron,
when he tripped on some obstructions in the gangway, fell,

and was severely burned by falling into the molten iron that spread out in front of him.

It is the contention of the appellee that the obstructions which caused the fall had been deposited in the gangway after he had passed down on his way to furnace No. 5 and before his return. Appellee contends that the obstructions had been placed in the gangway, and that Dillon had notice that the obstructions were there, before the accident, and that appellee did not know and had no means of knowing of the obstructions until he stumbled and fell upon them. Appellants contended upon the trial below that the floor of the gangway was free from obstructions and that appellee slipped and fell, and also if any obstructions were in the gangway they were placed there by persons sustaining the relation of fellow-servants to appellee.

The issue was formed by a plea of not guilty filed to the first original and the second amended counts of appellee's amended declaration. Appellants filed a plea of the Statute of Limitations to the second amended count, to which a demurrer was sustained. The first count of the declaration charged that appellee was ordered by appellants' foreman to carry molten iron through the foundry while it was dark, and that the appellants negligently permitted the passageway to become and remain obstructed so as to make it dangerous for appellee to pass, which condition appellants knew or by the exercise of ordinary care could have known in time to avoid the injury, but which appellee did not know or have reasonable opportunity to learn. The amended second count of appellee's declaration was filed more than two years after the accident, and it is contended that it states a new and different cause of action from that stated in the original declaration. The original second count alleged that appellants' foreman negligently ordered appellee to go for said iron, and while he was absent the foreman negligently ordered other of appellants' servants, without the knowledge of appellee, to place certain articles in the gangway, upon

which appellee, while in the exercise of ordinary care for his own safety, stumbled, tripped and fell and was injured. The amended second count omits the averment that appellants' foreman directed the obstructions to be placed in the passageway, and alleges that the obstructions were placed in the passageway while appellee was gone after the iron, with the knowledge of appellants' foreman.

The errors relied on to reverse the case are stated in the opinion.

F. J. CANTY, and J. C. M. CLOW, (H. E. LONG, of counsel,) for appellants.

COBURN & CASE, and J. V. O'DONNELL, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

*First*—It is contended by appellants that the court below erred in sustaining the demurrer to the plea of the Statute of Limitations. This contention is based upon the assumption that the amended count stated a new and different cause of action from that stated in the original declaration. This contention cannot be sustained. The gist of the cause of action in the original declaration, and also in the amended second count, is, that appellants negligently failed to use reasonable care to furnish appellee a reasonably safe place to do the work required of him by the order of appellants' foreman. The averment in the original second count, that the gangway was obstructed by order of appellants' foreman, did not state any different cause of action from that stated in the first original and second amended counts, which aver that the gangway had been obstructed with the knowledge of appellants' foreman. The cause of action, as stated in both instances, is the same, and each count grows out of the alleged failure of appellants to furnish the appellee a reasonably safe place in which to work. While evidence that appellants' foreman had ordered the

obstructions thrown into the gangway might be receivable as bearing upon his knowledge that such obstructions were there, it would not constitute a different cause of action from that stated in the amended second count. The cause of action in all the counts is the alleged breach of appellants' duty to furnish appellee a reasonably safe place to work, and the injury of appellee in consequence thereof. *Swift & Co.* v. *Madden,* 165 Ill. 41; *Town of Cicero* v. *Bartelme,* 212 id. 256.

*Second*—It is insisted the court erred in permitting the appellee to prove on the trial that he was injured in his sexual organs, and that since the injury he had been unable to have sexual intercourse with his wife and that before the injury he had begotten children. This question is settled adversely to the contention of appellants in *Postal Telegraph Co.* v. *Likes,* 225 Ill. 249, where it was held that virility before the injury might be shown by the fact that the injured party had been the father of a child, and that a total or partial loss of masculine vigor was a proper element of damages, which was recoverable, under proper averments, when it resulted from a personal injury wrongfully inflicted by another. The authority of the *Likes case* on this point is not impaired by the dissent, which was on other points not involved in this case.

*Third*—Appellants ask that the judgment be reversed because it is said the obstructions, if any were in the gangway, were placed there by fellow-servants of the appellee. The evidence tends to show that after appellee passed out of room 4 in carrying out the order to go to furnace No. 5 and secure the iron, other employees of appellants deposited the obstructions in the gangway, over which the appellee stumbled and fell. It is also shown that appellants' foreman had notice that obstructions had been placed in the gangway. The duty of the master to use reasonable diligence to furnish the servant with a reasonably safe place in which to work is one of those primary and continuing

obligations cast upon the master by the law which cannot be delegated to another. If the gangway through which appellee would have to pass on his return was obstructed and unsafe, which was known or by the exercise of reasonable diligence would have been known to the foreman in time to have removed the obstruction before the accident, and appellee was ignorant of the unsafe condition and free from the imputation of contributory negligence, appellants are not absolved from their duty to use reasonable diligence to restore the gangway to a reasonably safe condition because it had become unsafe through the agency of a fellow-servant of appellee. Labat on Master and Servant, sec. 129; *Chicago and Iowa Railroad Co.* v. *Russell*, 91 Ill. 298; *Missouri Malleable Iron Co.* v. *Dillon*, 206 id. 145; *Illinois Terminal Railroad Co.* v. *Thompson*, 210 id. 226; *Rogers* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 211 id. 126; *South Side Elevated Railroad Co.* v. *Nesvig*, 214 id. 463; *Illinois Steel Co.* v. *Ziemkowski*, 220 id. 324.

*Fourth*—It is contended by the appellants that the court erred in giving instructions numbered 3, 4, 6, 10 and 13. Instruction No. 3 is as follows:

"It was the duty of the defendants in this case to have used ordinary care and prudence in furnishing the plaintiff with a reasonably safe passageway, at the time of the accident, along which to carry molten metal, and to have used all reasonable precautions to maintain and keep such passageway in a reasonably safe condition."

The objection to this instruction is, that it uses the language "all reasonable precautions" in the last clause and "ordinary care and prudence" in the first. It is said that the jury were liable to understand from this instruction that the law required something more of appellants than ordinary care to furnish appellee a safe place to work and to keep the same reasonably safe. We do not see that the instruction could reasonably be construed as meaning anything more than it would mean if the words "prudence"

and "all" were stricken out. An instruction in substance the same as this one, and containing the words "prudence" and "all," used in the same sense as they are employed in this instruction, was approved in *Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540.

Instruction No. 4 is as follows:

"The jury are instructed that plaintiff must establish his case by a preponderance of the evidence. This preponderance, however, is not alone necessarily determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the case; the relation or connection, if any, between the witnesses and the parties; the apparent consistency, fairness and congruity of the evidence; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial; and from all these facts determine upon which side is the weight or preponderance of the evidence."

The objection made to this instruction is, that it invades the province of the jury, in that it directs the jury how to determine where the preponderance lies, and does not allow the jury, in their own way and manner, to determine upon which side the evidence preponderates. In support of appellants' objection to this instruction appellants cite *Frizell* v. *Cole,* 42 Ill. 362, and *Nieman* v. *Schnitker,* 181 id. 400. Neither of these cases seems to have any application to the point involved in this instruction. We do not regard the instruction as an invasion of the province of the jury. The instruction very properly directs the attention of the jury to a number of elements that should be taken into consideration in determining where the preponderance of the evi-

dence is. This court has often approved instructions of this character. *Meyer* v. *Mead,* 83 Ill. 19; *West Chicago Street Railroad Co.* v. *Lieserowitz,* 197 id. 607; *Miller* v. *John,* 208 id. 173; *Chicago City Railway Co.* v. *Bundy,* 210 id. 39; *Chicago Union Traction Co.* v. *Yarus,* 221 id. 641.

The objections made to instructions 6, 10 and 13 have been considered and the authorities upon which appellants rely examined, and we have reached the conclusion that there is no reversible error contained in any of them. None of the objections made are of such a serious character as to warrant us in reversing the judgment.

The appellants also complain that the court improperly modified one instruction offered on behalf of appellants and also improperly refused certain other instructions offered by appellants. As to the modification of instruction 31, it was a mere verbal change, which did not affect the general sense of the instruction. The court gave thirty-one instructions covering every question that was submitted to the jury and refused four offered by appellants. The law of the case was fully given to the jury in the instructions given at the instance of appellants. Two of the refused instructions, namely, 33 and 34, were mere formal requests for the court to direct a verdict on the first and second counts, respectively, of the declaration, and there being evidence fairly tending to establish plaintiff's case these two instructions were properly refused. Nos. 35 and 36 were properly refused, for the reason that, in so far as they stated correct principles of law applicable to the case, the points are sufficiently covered by other instructions.

Finding no reversible error in the case the judgment is affirmed.                    *Judgment affirmed.*