## Prudence L. Gough, Appellee, v. Illinois Central Traction Company, Appellant.

EVIDENCE—*instructions as to preponderance of.* An instruction is not objectionable on the ground that it permits the jury to determine the preponderance of the evidence without reference to the number of witnesses testifying where it informs the jury that the preponderance of the evidence is not alone determined by the number of witnesses but that other matters enumerated should be taken into consideration.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

GRAHAM & GRAHAM and H. C. DILLON, for appellant; GEORGE W. BURTON, of counsel.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff, a woman of seventy-two years, became a passenger on defendant's interurban railroad from Springfield to Mechanicsburg on August 9, 1910. At Mechanicsburg Junction, appellee was required to change from the car leaving Springfield; from Mechanicsburg Junction to Mechanicsburg one man operated the car and acted both as conductor and motorman. Appellee contends that when she took the car at Mechanicsburg Junction, she informed the man in charge of the car that she desired to get off in Mechanicsburg at a crossing known as Hall's Crossing, that the car did not stop at Hall's Crossing, but did stop at the next succeeding crossing, and that at this place appellee attempted to alight from the car, and while in the act of so doing the car was started, whereby she was caused to fall' and received the injuries complained of. Upon the trial below she recovered a judgment for $2,000, from which appellant appeals.

The negligence charged in the declaration is that appellant stopped its car at this crossing, but not for a sufficient length of time to permit appellee to alight, and that while attempting to alight therefrom, the car was started with a sudden jerk, whereby she was thrown to the ground and injured; also that it was negligence on the part of appellant to have provided but one man for the management and operation of this car.

It is the province of the jury to determine questions of fact under evidence properly admitted by the court and under proper instructions given by the court. The evidence in this record is very conflicting both as to whether appellee notified the conductor of her de-

sire to alight at Hall's Crossing and also as to whether or not the car stopped at the next succeeding crossing. The motorman in charge of the car denies that appellee informed him that she wanted to get off at Hall's Crossing in Mechanicsburg; also denies that the car stopped at the next crossing after passing Hall's Crossing, but insists that the car slowed up for the purpose of permitting a passenger to get off from the front end of the car; and insists that appellee jumped from the car while it was in motion and if she was injured it was by reason of her attempting to get off from the moving car without notice to the conductor or motorman. The question as to whether appellee informed the man in charge of the car of her desire to alight at Hall's Crossing, and whether or not the car stopped at the next crossing or whether it stopped a reasonable length of time to permit appellee to alight, and whether it was negligence to have this car operated and managed by but one man were purely questions of fact for the jury. The jury has found all these questions against appellant, and unless this verdict is clearly and manifestly against the weight of the evidence, then upon the questions of fact the verdict should not be disturbed. From a careful examination of the record, we are satisfied that the jury was warranted in finding the issues for appellee.

It is contended by appellant that the court erred in giving instruction No. 6 on behalf of appellee. This instruction related to the determination of the preponderance of evidence by the jury, and the error insisted upon is that the jury were permitted to determine upon which side the preponderance of the evidence was without reference to or considering the number of witnesses testifying. This instruction does not so inform the jury, but informs them that it is not alone determined by the number of witnesses, but that they must take into consideration other matters enumerated in the instruction. This is not tantamount to telling them that it is not necessary to consider the

number of witnesses in determining where the preponderance is.

This instruction has been held not to be reversible error in *Chenoweth v. Burr*, 242 Ill. 313; *Deering v. Barzak*, 227 Ill. 71; *Chicago Union Traction Co. v. Yarus*, 221 Ill. 643; *Lyons v. Ryerson & Son*, 242 Ill. 417, and only in the case of *Elgin, J. & E. R. Co. v. Lawlor*, 229 Ill. 630, is it suggested that under certain conditions of the evidence, it might be held to be error. From a careful examination of the record in this case, we are satisfied there is no reversible error in the record. The judgment is, therefore, affirmed.

*Affirmed.*