CHICAGO—FIRST DISTRICT—JANUARY, 1914.    489

Nelson v. The Chicago, R. I. and P. Ry. Co., 184 Ill. App. 489.

# Edwin Nelson, Appellee, v. The Chicago, Rock Island and Pacific Railway Company, Appellant.

## Gen. No. 18,377.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed January 12, 1914. Rehearing denied January 26, 1914. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Edwin Nelson, a minor, by N. A. Nelson, his next friend, against The Chicago, Rock Island and Pacific Railway Company to recover for injuries sustained by plaintiff alleged to have been caused by defendant's negligence in suddenly starting its cars while plaintiff was attempting to alight from the front platform of one of defendant's cars at a railroad station. From a judgment in favor of plaintiff for ten thousand dollars, defendant appeals.

Appellant complains that the verdict is against the weight of the evidence; that court erred in refusing to give a peremptory instruction for defendant; that the court erred in giving and refusing certain instructions; and that there is a variance between the allegations of declaration and the proof as to the place of injury.

M. L. BELL and A. B. ENOCH, for appellant.

HORTON, WICKETT, MILLER & MEIER, for appellee; GEORGE J. MEIER and JOHN IRRMANN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 313*—*when employe riding on pass is a passenger for hire.* An employe of a railroad company riding on a coupon pass to and from his place of work, *held* a passenger for hire and

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** same topic and section number.

for a consideration, the consideration being that the company was enabled to draw its employes from a larger body subject only to the expense of their transportation.

2. CARRIERS, § 305*—*when exemption from liability on back of pass is invalid.* The law of Illinois renders invalid as against a passenger for hire or consideration an exemption or waiver and release of liability for negligence which appears on the back of. a pass in these words: "By the acceptance and use of this ticket any and all claims on this company, whether due to negligence of its agents or otherwise, for injury to the person * * * of the holder are waived and released."

3. INSTRUCTIONS, § 88*—*when giving of instruction as to preponderance of evidence not reversible error.* The giving of an instruction on what the jury may consider in determining the preponderance of the evidence, the language thereof being identical with a similar instruction passed upon by the Supreme Court in *Deering v. Barzak,* 227 Ill. 71, *held* not of itself ground for reversal.

4. APPEAL AND ERROR, § 438*—*when objection for variance not preserved for review.* Objection for variance between the declaration and the proof cannot be considered on review when not made the subject of objection or comment in the court below.