# Mary Zycinski, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 15,864.

1. NOTICES—*propriety of refusal of amendment.*   It is proper to refuse a motion to amend a notice given to a city pursuant to statute requiring notice in event of personal injuries, the application being made after the lapse of the statutory period for giving such notice.

2. NOTICES—*when upon city not in compliance with statute.*   A notice upon a city of personal injuries is not in compliance with the statute if it contains no reference to the hour of such accident.

3. NOTICES—*failure to give to city.*   Failure to give to a city a notice of personal injuries which complies with the statute is fatal; the statute

which requires such notice is constitutional and the duty of the court to dismiss the plaintiff's action is mandatory where no proper notice is shown.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 5, 1911.

**Statement by the Court.** Mary Zycinski, the plaintiff in error herein, began suit in the Superior Court July 15, 1907, against the City of Chicago, defendant in error herein. She alleged that she had on March 2, 1907, sustained personal injuries through the negligence of the City in allowing an obstruction (over which she stumbled and fell) to project above the surface of a sidewalk under its control.

Her declaration as amended avers that within six months after the time of the happening of the said accident, and before the commencement of suit she caused to be served on the city attorney and city clerk "a notice of the time and place of said accident, together with her place of residence and the name of her attending physician, as required by the statute in such cases."

The City pleaded the general issue. The case was called for trial before a jury, and the first evidence offered for the plaintiff was the following notice, which had been served on the city attorney and city clerk:

"Chicago, May 8, 1907.
Gentlemen: You and each of you are hereby notified that on the 2d day of March, 1907, one Mary Zycinski residing at No. 1078 North Hermitage Avenue, Chicago, Illinois, while walking west on Armitage Avenue in said City stumbled over gas or water caps protruding a great distance above the surface of the sidewalk in front of or near 139-141 Armitage Avenue, and thereby received injuries for which she seeks compensation, and that she was treated for such injuries

by A. F. Malachowski, No. 1012 North Hoyne Avenue, Chicago, Illinois.''

Counsel for defendant objected to the reception of the notice in evidence on the ground that it was insufficient under the statute in not giving the hour of the day of the accident. The objection was sustained and the plaintiff excepted.

It was then admitted by the plaintiff that said notice was the only notice served on the City of Chicago in attempted compliance with the statute in regard to such notice, and the plaintiff moved to amend it by inserting at the apt place the words, ''between the hours of six and seven o'clock p. m.'' This was objected to by the defendant and the court refused to allow the notice to be amended, ruling that the failure to state the hour at which the accident occurred rendered the notice fatally defective. To this ruling the plaintiff excepted. The defendant then moved the court to dismiss the suit at the plaintiff's costs, and this motion, over the objection of the plaintiff, was allowed and the suit dismissed, to which dismissal the plaintiff excepted. A motion for a new trial was made by the plaintiff and overruled by the court and judgment was then rendered for the defendant against the plaintiff for costs, and again the plaintiff excepted.

In this court by her assignments of error the plaintiff calls in question the refusal of leave to amend the notice, the dismissal of the suit, the denial of a new trial and the entry of judgment, and makes special assignments of error, explicitly stating her contentions as follows:

4. The court erred in holding the notice served by the plaintiff on the city attorney and city clerk of the City of Chicago insufficient;

(a) Because the said notice is in substantial compliance with the statute;

(b) Because the amendment to the declaration having alleged that the notice was served ''as required by the statute in such case made and provided,'' the

plea of the general issue waived any technical defect in the said notice.

5.  The construction placed by the trial court upon the said statute is unreasonable and would lead to injustice and hardship to litigants.

6.  Under the rule that general laws supersede laws inconsistent therewith, the provisions of the Act of 1905 providing that "every person" shall serve notice must be invalid as in contravention of Section 21 of Chapter 83 of the Statutes of Illinois.

7.  The Act requiring "every person" to serve notice is unconstitutional as imposing additional hardships upon minors in favor of municipalities as against other corporations in bringing suits.

J. W. SUTTON and FRANK MACH, for plaintiff in error.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff's suit was dismissed as set forth in the preceding statement because of non-compliance with the Act of May 13, 1905, entitled "An act concerning suits at law for personal injuries and against cities, villages and towns." Sections 2 and 3 of the said Act read as follows:

"2.  Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury, shall within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney) and also in the office of the city clerk, a statement in writing signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has

accrued, the name and residence of person injured, the date *and about the hour* of the accident, the place or location where such accident occurred, and the name and address of the attending physician (if any).

3.  If the notice provided for by Section Two 2 of this Act shall not be filed as provided in said Section Two, then any such suit brought against any such city shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing.''

The only notice given in this case was the one set out in the statement prefixed. It contained no reference to the time of day at which the accident occurred.

One of the assignments of error here insisted on by the plaintiff is that the court below should have allowed an amendment of the notice at the trial. To have given effect to an amendment made at that time would manifestly have defeated the purpose of that part of the statute. That purpose appears plainly from the language of the Act to be that the City shall have information to assist its investigators within six months of an accident, while the means of verification or contradiction are more likely to be at hand.

The accident in this case happened, according to the plaintiff's statement, on March 2, 1907. The motion to amend the notice by inserting the hour of the day was made on May 10, 1909,—more than two years thereafter. It was properly denied. If the specification of the hour in a notice was essential at all, it was equally essential that it should have been specified in a notice served within six months.

The plaintiff says, however, further, that the specification of the hour in the notice was *not* essential, because without it the notice was in substantial compliance with the statute. To sustain this proposition counsel cite cases from other States holding that where notice of the time of an accident is required by laws similar to the statute of Illinois, precision as to the

hour is not necessary. In one case cited the Supreme Court of New York held that under an Act requiring specification of the "time" it was sufficient to have proven notice that the accident happened on August 5th, although, as a matter of fact, it happened on the evening of the 4th.

But we do not think these cases are in point. The foreign statutes involved did not require a statement of the hour, but only generally of the time. Our statute, wisely or unwisely, expressly requires both the "date" *and* the approximate "*hour.*" In the case at bar nothing was said about the hour. One of the required elements in the notice was thus entirely omitted. Had an hour been stated, but not with precision, the question of "substantial compliance" would have been involved. As the matter stands, we do not think it is so involved.

But the plaintiff invokes the "rule of reason." It asks us so to construe the statute as to prevent its working great hardship and leading to absurd results. Without entering into the question whether the literal enforcement of the statute in question produces any such injustice as it is implied by plaintiff's argument that it does, or, on the other hand, is salutary legislation aimed at an existing evil of increasing importance, we will say that with the wisdom and indeed with the justice of the legislation in question we have nothing to do. Those questions are by the fundamental law of the State relegated to the Legislature for decision. It is undoubtedly true that the state of the law before a statute was passed, the evil to be remedied and the results of interpretation one way or the other, may be considered in construing ambiguous language, language of doubtful meaning, or language so involving a patent absurdity as to show clerical mistake; but we know of no case which would form a precedent for a court reading a statute which requires a statement of "the date *and about the hour* of the

accident'' as though the words which we have italicized were lacking.

Finally the plaintiff argues that the statute is unconstitutional. Apart from any question of the general right of the Appellate Court to pass on the constitutionality of a statute, inasmuch as appeals involving such constitutionality must be taken to the Supreme Court, this statute has been expressly adjudged constitutional by the Supreme Court (Erford vs. City of Peoria, 229 Ill. 546), and since then, in at least two cases, strictly enforced (Walters vs. Ottawa, 240 Ill. 259, and Ouimette vs. Chicago, 242 Ill. 501) ; and we can hardly be expected to hold it invalid.

The Supreme Court has also by the same decisions negatived the necessity of specially pleading the lack of notice. The statute is mandatory in compelling the trial court to dismiss a suit when a sufficient notice has not been given. The quotation made by counsel from the opinion in Concordia Fire Insurance Co. vs. Bowen, 121 Ill. App. 35, has no applicability to a case like this. The proposition quoted is expressly based on our holding that under the policy involved the company waived the appraisal said to be required, if it did not demand it. The failure to secure it was therefore in any event a matter of defense.

The judgment of the Superior Court is affirmed.

*Affirmed.*