## Jacob Swenson, Appellee, v. City of Aurora, Appellant.

### Gen. No. 6,015.

1. MUNICIPAL CORPORATIONS, § 1107*—*when questions of size and depth of hole in sidewalk and danger therefrom for the jury.* In an action to recover for personal injuries alleged to have been sustained as a result of stepping into a hole in a sidewalk, the question of the size and depth of such hole and whether it was of a character to render it dangerous to pedestrians exercising due care is for the jury.

2. MUNICIPAL CORPORATIONS, § 1107*—*when question whether fall on sidewalk proximate cause of injuries for jury.* In an action to recover for personal injuries alleged to have been sustained as a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

result of stepping through a hole in a sidewalk, the question whether plaintiff's alleged fall on the sidewalk was the proximate cause of the injuries sought to be recovered for is for the jury.

3. MUNICIPAL CORPORATIONS, § 1107*—*when nature, extent and cause of injuries, to one stepping in hole in sidewalk for jury.* In an action to recover for personal injuries alleged to have been sustained as a result of stepping through a hole in a sidewalk, where plaintiff claims such injuries resulted in a permanent stiffening of the joints of his knee and ankle, the question of the nature and extent of the injuries sustained by plaintiff by reason of the fall, and whether the stiffening of the joints was due to that accident or to a fracture of the thigh which plaintiff was shown to have suffered six months later, are questions for the jury.

4. APPEAL AND ERROR, § 1404*—*when verdict of jury will not be disturbed on appeal.* The verdict of a jury on controverted questions of fact will rarely be disturbed by a court of review unless unreasonable, or it is apparent that such verdict is the result of the passion and prejudice of the jury.

5. MUNICIPAL CORPORATIONS, § 1079*—*when declaration describing place of accident sufficient.* In an action to recover for personal injuries alleged to have been sustained as a result of stepping through a hole in a sidewalk, a declaration alleging that the accident took place "on LaSalle street" in the City of Aurora, *held* not insufficient in not alleging that such street was a public street, as the word "street" is a generic term, including within its meaning all public roads of ways within a municipality over which such municipality has jurisdiction and as to which such municipality owes a public duty to keep and maintain it in a reasonably safe condition for public use.

6. EVIDENCE, § 148*—*when proper to permit exhibition of injured leg to jury.* In an action to recover for injuries to plaintiff's leg alleged to have been sustained as a result of stepping into a hole in a sidewalk, it is proper to permit plaintiff to exhibit his injured leg to the jury.

7. DAMAGES, § 168*—*when error to refuse physical examination of plaintiff.* In an action to recover for injuries to plaintiff's leg, alleged to have been sustained as a result of stepping into a hole in a sidewalk, where plaintiff was permitted to exhibit the injured leg to the jury, the refusal of the trial court to permit a physical examination of the leg by defendant's physician *held* error, defendant having the right in such case not only to inspect the leg by sight but also to make a physical examination thereof, under such reasonable restrictions as the court might require.

8. MUNICIPAL CORPORATIONS, § 1225*—*what are elements essential to validity of notice to city of injuries.* In Hurd's Rev. St., ch. 70,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sec. 7 (J. & A. ¶ 6190), requiring persons intending to commence an action against a municipal corporation for personal injuries to give certain notice to such corporation before bringing an action, five elements are emphasized as being essential to the validity of a notice given under the statute: (1) The name of the person to whom such cause of action has accrued; (2) the name and residence of the person injured; (3) the date and about the hour of the accident; (4) the place or location where the accident occurred; (5) the name and address of the attending physician, if any.

9. Municipal corporations, § 1225*—*when notice to city as to place where accident occurred sufficient.* In an action to recover for personal injuries alleged to have been sustained as a result of stepping into a hole in a sidewalk in defendant city, a notice to defendant wherein the hole in question was alleged to be "located upon the west side of said LaSalle street between North avenue and Washington street and opposite Jennings Seminary," held insufficient under Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring such notice to be given before bringing an action for damages against a municipal corporation to recover for personal injuries, where plaintiff's testimony fixes the location with sufficient definiteness as being located "in the sidewalk about fifty-five feet north of the corner of North avenue," and where no reason appears why plaintiff could not in such notice have fixed the location of such hole with equal definiteness.

10. Municipal corporations, § 1225*—*what notice to city describing place of accident must contain.* A notice to a municipal corporation of intention to commence an action to recover for personal injuries, given in pursuance of Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), must, in order to be legally sufficient, contain a sufficiently definite description of the place of the accident as to enable the party interested to identify it from the notice itself.

11. Municipal corporations, § 1225*—*when notice to city inaccurately describing place of accident sufficient.* A notice to a municipal corporation of intention to commence an action to recover for personal injuries, given in pursuance of Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), is sufficient, although the description of the location of the accident be insufficient, provided that in the remainder of the notice the place where the accident occurred describes such place with sufficient definiteness to enable the authorities of such municipal corporation to determine such location.

12. Municipal corporations, § 1225*—*what are requisites of notice to city of personal injuries.* The notice required by Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), to be given to a municipal corporation before bringing an action for damages for personal in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

juries must be specific and not general as to both time and place, and as definite and exact as it can be reasonably made.

13. MUNICIPAL CORPORATIONS, § 1225*—*when notice to city of injuries wrongly stating time of accident defective.* Although the notice required by Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), to be given to a municipal corporation by one intending to commence an action against such municipal corporation for personal injuries need only set forth "about the hour" when the accident occurred, and therefore does not require an exact statement thereof, yet where claimant in such notice undertakes to state such time exactly and states it wrongly, the notice is insufficient under the statute for the reason that in such case the notice is misleading and detrimental in that it gives the municipal corporation no aid in determining the facts, being in practical effect no better than if the notice had not stated "about the hour" when the accident occurred.

14. MUNICIPAL CORPORATIONS, § 1225*—*when notice to city not giving hour of accident, fatally defective.* Under Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring persons intending to commence an action against a municipal corporation for damages for personal injuries to give certain notice to such municipal corporation, a notice which does not state the hour when such accident occurred is fatally defective.

15. MUNICIPAL CORPORATIONS, § 1225*—*when notice to city of injuries incorrectly stating residence of claimant fatally defective.* Under Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring persons intending to bring an action against a municipal corporation for damages for personal injuries to give certain notice to such municipal corporation before bringing an action, a notice which incorrectly states the residence of claimant is fatally defective, in that it fails to give the municipal corporation correct information on which it may ascertain the extent and nature of the injury sustained, for the reason that where on the trial on an action such questions are controverted, a definite and correct statement of such residence would be of co-ordinate importance with a similar statement of the place where the accident occurred.

16. MUNICIPAL CORPORATIONS, § 1225*—*when notice to city giving wrong residence of claimant not unable by proof of residence elsewhere.* Where a notice is given in pursuance of Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring persons intending to commence an action against a municipal corporation for personal injuries to give certain notice to such municipal corporation before bringing an action, and where such notice is defective in that it states the residence of claimant to be at a named place where claimant in fact never resided, such defect cannot be cured by proof that claimant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

actually resided at some other place on the street named in the notice as that on which claimant resided, as the cause of the invalidity of the notice is the failure to state correctly the place where claimant in fact resided.

17. MUNICIPAL CORPORATIONS, § 1223*—*what is object of statute relative to notice to city of personal injuries.* The object of Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring persons intending to bring an action against a municipal corporation for damages for personal injuries to give to such municipal corporation certain notice before bringing an action, is to furnish timely notice to such municipal corporation of the fact that the party giving the notice claims to have sustained injuries for which he proposes to enforce a claim against such municipal corporation by suit, so as to enable such municipal corporation to investigate such claim while the facts are fresh and the justice of the claim may be readily ascertained.

18. MUNICIPAL CORPORATIONS, § 1224*—*when provision relative to notice to city of personal injuries condition precedent to maintenance of action.* Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), requiring persons intending to commence an action against a municipal corporation for personal injuries to give certain notice to such municipal corporation before bringing an action is mandatory and is a condition precedent to maintaining an action to recover for such injuries.

19. MUNICIPAL CORPORATIONS, § 1233*—*when giving of statutory notice to city of injuries must be averred and proved.* In an action against a municipal corporation to recover for personal injuries, the giving of the notice required by Hurd's Rev. St., ch. 70, sec. 7 (J. & A. ¶ 6190), to be given to such corporation in such case before bringing an action must be both averred and proved.

Appeal from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed September 13, 1915.

J. BRUCE AMELL and ALSCHULER, PUTNAM & JAMES, for appellant.

MIGHELL, GUNSUL & ALLEN and SEARS & SOLFISBURG,

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action on the case commenced by Jacob Swenson, the appellee, in the Circuit Court of Kane county, against the appellants, the City of Aurora, to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

recover damages for injuries which appellee claims he received by inadvertently stepping into a hole in a defective sidewalk, situated on the west side of LaSalle street between Washington street and North avenue, in front of a place called Jennings Seminary, and located about fifty feet north of the intersection of North avenue and LaSalle street.

Appellee claims that the injuries which he received by the fall resulted in a permanent stiffening of his left knee and ankle joints. There are many controverted questions of fact in the case, arising from the evidence, as to the size and depth of this so-called hole, and as to whether or not it was of such a character as to be dangerous to pedestrians exercising due care, also as to whether or not appellee proved that the alleged fall upon the sidewalk was the proximate cause of the injuries from which he claims to be suffering. The nature and extent of appellee's injuries was also a contested question, and as to whether or not the stiffening of appellee's joints was the result of the injuries which appellee received from the fall on the sidewalk, or were the result of another accident which happened to him about six months later, in which he suffered a fracture of the thigh. All these controverted questions and others of a like nature were matters for the determination of the jury, and the findings of a jury upon questions of this kind, arising from the evidence, are rarely disturbed by a court of review, unless the findings appear to be unreasonable, or it is apparent that they result from passion or prejudice existing in the minds of the jury.

An objection is made by appellant to the declaration in the case, and it is claimed that it is insufficient because it does not charge that LaSalle street, in the City of Aurora, is a *public* street. But this objection is not well taken. The Supreme Court in the case of *Carlin v. City of Chicago,* 262 Ill. 566, has adjudicated this matter. It was there held that the word "street" is

a generic term, which includes within its meaning ''all public roads or ways within a municipality over which the municipality has jurisdiction, and to which it owes a public duty of exercising reasonable care to keep and maintain them in a reasonably safe condition for public use.''

On the trial of the case in the court below, the appellee was permitted by the court to exhibit to the jury his injured limb, and we perceive no legal impropriety in this; however, having voluntarily put his injured limb in evidence before the jury, it became appellant's right not only to examine it by means of sight, but also to make a physical examination of the limb by its physician (who was present) under such reasonable restrictions as the trial court might see fit to require. The refusal of the court to allow such physical examination, under the circumstances, was error. *Pronskevitch v. Chicago & A. Ry. Co.,* 232 Ill. 136.

But appellee's right to recover against the appellant was dependent upon giving a notice of his claim, as required by section 7 of an ''Act concerning suits at law for personal injuries and against cities, villages and towns. Approved May 13, 1905, and in force July 1, 1905.'' (Chapter 70 of the Revised Statutes of 1913, J. & A. ¶ 6190.) In the case of *Reichert v. City of Chicago,* 169 Ill. App. 493, five essential elements are emphasized as necessary to constitute a valid notice of this kind, viz.:

(1)    The name of the person to whom such cause of action has accrued.

(2)    The name and residence of the person injured.

(3)    The date and about the hour of the accident.

(4)    The place or location where such accident occurred.

(5)    The name and address of the attending physician (if any).

The notice which appellee gave to the appellant in

this case was deficient in at least three of the requirements mentioned:

(1)   The description of the place does not definitely locate the place where the hole in the sidewalk was situated.

(2)   The hour of the accident is definitely fixed at 5:30 in the afternoon, and according to the proof the injury occurred at about 8:30 in the evening.

(3)   The notice did not state the residence of the appellee, the person injured.

The statement in the notice of the location of the hole in the sidewalk into which appellee claimed he stepped and stumbled is given as follows: "Said hole being located upon the west side of said LaSalle street, between North avenue and Washington street, and opposite Jennings Seminary, in the city aforesaid." In the area of sidewalk covered by the description, there may have been a large number of holes. The appellee testified that the hole in question was located in the sidewalk, about fifty-five feet north of the corner of North avenue. This testimony fixes the location with sufficient definiteness, and no reason is apparent why the appellee could not have fixed the location with equal definiteness in his notice to the appellant. "To be legally sufficient, a notice of this kind must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself." *Benson v. City of Madison,* 101 Wis. 312. In this *Benson* case, *supra,* the description refers to the place where the accident occurred in the following words: "On the south side of State street at the intersection of State street and Fairchild street." It was held to be insufficient, and the court in passing upon the point made use of this language: "The notice in this case is most vague, uncertain and indefinite when applied to the facts proven on the trial and found by the jury. The recovery sought is based upon alleged imperfections in a crosswalk 'on the south

side of State street at the intersection of State street and Fairchild street.' This description of the location might have been sufficient if the remainder of the notice had described the insufficiency in such terms as to enable the city authorities to determine on which side of Fairchild street it was to be found.''

In passing upon the lack of definiteness, in a similar notice, in the case of *Lee v. Village of Greenwich*, 48 N. Y. App. Div. 391-394, the court says: "If the notice is designed to answer any useful purpose, by way of calling the attention of the authorities to the actual facts and conditions which existed at the time and place, and which caused the accident, and so aid them in forming a judgment as to settlement, it is plain that such a notice as to accidents of this nature should be, as to 'time' and 'place,' specific and not general, and should be as definite and exact as the claimant can reasonably make it. Such a notice is conclusive upon the claimant in any action afterwards brought for injuries sustained; the time and place cannot be shifted to suit conditions on other days and at other places.''

In the case of *Reichert v. City of Chicago, supra,* the claimant notified the city that he was ''injured by a defective street lamp * * * at and near the intersection of LaSalle street and Madison street, in the City of Chicago.'' And the description was held not sufficiently definite.

It may be said concerning appellee's statement in the notice of the hour at which the accident occurred that it was not necessary to state the hour definitely. The statute only requires a statement of ''about the hour''; but, when the claimant does undertake to state the hour definitely, and states it definitely wrong, then such statement becomes detrimental instead of beneficial to the city, for the purpose for which it is required by the statute; that is to say, instead of giving the city as nearly a correct idea of the hour as the claimant could give, it suggests a positively incorrect

idea on that subject, and so, instead of leading the city to the facts in its investigation, it misleads it. So far as the practical effect is concerned, the city is in no better position than if no hour had been stated, and a failure to state the hour of the accident renders the notice fatally defective. *Zycinski v. City of Chicago,* 163 Ill. App. 413; *Condon v. City of Chicago,* 249 Ill. 602. And defects of this kind cannot be cured by showing that the city was not actually misled. *Ouimette v. City of Chicago,* 242 Ill. 501.

But the most serious defect in the notice in question is the failure of appellee to state his place of residence. The residence given in the notice was not his and never had been. The omission of the place of residence is clearly fatal to the validity of the notice. And it is clear that this defect cannot be cured by the showing that he resided at some other place on the same street, for it is the very fact that he resided at some other place than the one mentioned in the notice that renders the notice invalid. Unquestionably, the purpose which the Legislature had in view in requiring the notice to state the name and residence of the party injured and the name and address of the attending physician was to give cities, towns and villages in cases of this kind correct information, upon which they could properly pursue their investigation, to ascertain the extent and nature of the injury suffered by the person injured, which in many cases might become, as it did on the trial of this case, an important and controverted question. It is evident, therefore, that a definite and correct statement as to the residence of the party injured, in the notice, is of co-ordinate importance with a correct and definite statement of the place where the injury occurred.

"The object of the statute is to furnish timely notice to the city, village or town of the fact that the party claims to have sustained an injury and that he proposes to enforce his claim for damages against said city, village or town by suit, and thereby enable the

city, village or town to investigate the claim while the facts are fresh and the justice of the claim can be readily ascertained." *Donaldson v. Village of Dieterich,* 247 Ill. 526.

The courts of this State have always insisted on the necessity of a strict compliance with the requirements of this statute, concerning the notice under discussion. The statute is mandatory, and the giving of a notice, such as the statute prescribes, is a condition precedent to the maintenance of a suit for personal injury against a city, village or town; and the giving of such notice must be averred and proved, otherwise the suit will be dismissed and a recovery barred. *Erford v. City of Peoria,* 229 Ill. 546; *Ouimette v. City of Chicago,* 242 Ill. 501; *Schoeler v. City of Rockford,* 160 Ill. App. 217.

For the reason stated the statutory notice given to appellant in this case is clearly and fatally deficient, and the judgment must therefore be reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find from the evidence: That the description in the statutory notice to appellant of the place where the injury occurred is not sufficiently definite.

That the hour of the accident is incorrectly stated in the notice. It purports to state the hour exactly, but the accident did not occur within three hours later.

That the residence of the appellee, the person injured, is not stated in the notice. The place of residence stated in the notice was not appellee's residence and never had been.

That for failure by appellee to give appellant the notice required by law, he has no cause of action against appellant.