## Bertha Frey, Appellee, v. City of Chicago, Appellant.

### Gen. No. 31,574.

1. MUNICIPAL CORPORATIONS—*effect of admission of service of notice of injury.* Upon trial of an action against a city for personal injuries, the admission of the city's counsel that the notice of personal injury was served, and signed by parties authorized to accept service on the part of the city, makes the notice admissible and waives proof of service and the official capacity of those accepting service.

2. APPEAL AND ERROR—*preserving for review proceedings in trial court to correct record.* After an appeal is perfected by a city from a judgment against it in a personal injury action and the bill of exceptions is signed, unless the proceedings on plaintiff's motion before the trial court to correct the record by showing plaintiff's correct address in the notice of injury are signed by the trial judge as a bill of exceptions or certified by him in some manner, they are not preserved for review, and plaintiff's cross appeal thereon is of no effect.

3. MUNICIPAL CORPORATIONS—*necessity of correct addresses in notice of personal injury.* A notice of personal injury, served upon a city, must be proved in the action based thereon to contain the correct addresses of the injured party and of her physician, as a statutory precedent to the right to maintain the action.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed. Opinion filed October 19, 1927. Rehearing denied November 4, 1927.

FRANCIS X. BUSCH, SAMUEL A. ETTLESON, Corporation Counsel, JOHN J. KELLY and WILLIAM D. SALTIEL, City Attorneys, for appellant; DANIEL V. GALLERY, Assistant Corporation Counsel, of counsel.

MORSE IVES, H. H. PATTERSON and C. C. BODENSTAB, for appellee; H. H. PATTERSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action for damages for personal injuries suffered by the plaintiff in being tripped and falling on a defective sidewalk in the vicinity of the northeast corner of the intersection of South Michigan Avenue and East 110th Street in the City of Chicago.

There was a trial before court and jury, and a verdict in favor of plaintiff, assessing plaintiff's damages at the sum of $12,000. At the conclusion of plaintiff's case the defendant moved for an instructed verdict. This motion was denied, and the defendant standing by its motion declined to introduce any evidence in defense of the action. After overruling the defendant's motions for a new trial and in arrest of judgment, there was a judgment upon the verdict for $12,000, from which judgment defendant prosecutes this appeal and asks a reversal.

Before the commencement of the action plaintiff, by her attorneys, gave what they claimed to be a notice required by the statute to the city authorities regarding the accident, which notice is in the following words:

"You Are Hereby Notified that Bertha Frey, a widow, sustained personal injuries on, to-wit, October 18th, 1923, at about 7:00 P. M.; that the said Bertha Frey, a widow, resides at 228 West 110th Place, Chi-

cago, Illinois. The accident on account of which said injuries were received happened at a point on the side walk on the north side of 110th Street in the City of Chicago and about eighty-three feet east of the east curb line at the north east corner of the intersection of said 110th Street and Michigan Avenue in Chicago, and about sixty-eight feet west of the curb line of alley immediately east of Michigan avenue said alley running north and south; that at the point of injury, aforesaid, the cement sidewalk was broken said break consisting of a large crack approximately three inches wide and running the full width of said sidewalk. Because of said break, said sidewalk is raised to such an extent at one point and lowered to such an extent at another point as to cause said Bertha Frey, a widow, to trip and fall; that she was greatly injured as a result of the same; that certain bones of her body were fractured; that she was treated for her injuries by Dr. Harry H. Beil, whose address is 11431 South Michigan avenue, Chicago, Illinois; that on the account of said injuries a cause of action has accrued for Bertha Frey a widow and she is about to bring an action against the City of Chicago, Illinois, to cover damages on account thereof.''

This notice was admitted in evidence over the objection of defendant. Counsel for the city stated that ''We will admit the notice was served as it purports to be and that the signatures thereon contained are the signatures of the officers.

''The Court: Who were authorized to accept?

''Mr. Fleck: Yes, we are not questioning anything on that.''

We think that the admission of counsel for the city properly made the notice admissible in evidence and waived proof of service and the official capacity of the person accepting service of the notice on behalf of the defendant, City of Chicago.

We restrict our decision of this case to the questions arising as to whether the proof sustains the material statements in the notice, and more particularly as to the addresses of the plaintiff and her attending physician, Dr. Harry H. Beil, stated in the notice.

In this record there are three places testified to as the residence of the plaintiff. In the notice it is stated to be 228 W. 110th Place, while it is testified to that plaintiff lived at 228 E. 110th Place. On the trial the plaintiff swore that she lived at the time of the accident at 10920 Edbrooke Avenue, Chicago. It appears from the testimony that plaintiff, who was dependent on her family for support, lived at times with her son at 228 E. 110th Place, and at other times she lived with her daughter, Mrs. Solomon, who resided at 10920 Edbrooke Avenue.

As to the residence of Dr. Harry H. Beil, the attending physician, he swore that he resided at 10815 South Park Avenue, Chicago; that when he first saw plaintiff he found her lying in bed at 10920 Edbrooke Avenue. In the notice Dr. Harry H. Beil's address is given as 11431 South Michigan Avenue. There is no testimony in the record as to whether either of the addresses, the one in the notice or the one in the testimony of Dr. Beil, was his office or his residence.

Plaintiff made a motion before the trial judge to correct the record after the appeal had been perfected and the bill of exceptions signed, which motion was denied by the court on the ground that it had no jurisdiction to make any other record in the case as the term had passed and the case had gone to the Appellate Court in due course. The motion was made after the passing of the term of court at which the case was tried and after the bill of exceptions had been signed and approved by the trial judge.

While plaintiff has filed in this court what purports to have been the proceedings had before the trial judge on the motion to amend the record, it is not signed

by the trial judge as a bill of exceptions, or certified by him in any manner, and therefore the cross error assigned by plaintiff, on the rulings of the court, is of no force or effect, and does not preserve such proceedings for review in this court. Therefore, the cross error so assigned is not entertained by this court, although we have in fact examined the proceedings before the trial judge, as thus presented, and find the court's ruling on that motion to be without error.

The notice given and in evidence is not sustained by the proofs, as neither the plaintiff's nor the attending physician's address is correctly given. In *Swenson v. City of Aurora,* 196 Ill. App. 83, the court said that "the most serious defect in the notice in question is the failure of appellee to state his place of residence. The residence given in the notice was not his and never had been. The omission of the place of residence is clearly fatal to the validity of the notice. And it is clear that this defect cannot be cured by the showing that he resided at some other place on the same street, for it is the very fact that he resided at some other place than the one mentioned in the notice that rendered the notice invalid. Unquestionably, the purpose which the Legislature had in view in requiring the notice to state the name and residence of the party injured and the name and address of the attending physician was to give cities, towns and villages in cases of this kind correct information, upon which they could properly pursue their investigation, to ascertain the extent and nature of the injury suffered by the person injured, which in many cases might become, as it did on the trial of this case, an important and controverted question. It is evident, therefore, that a definite and correct statement as to the residence of the party injured, in the notice, is of co-ordinate importance with a correct and definite statement of the place where the injury occurred."

.The court further stated: "courts of this State have always insisted on the necessity of a strict compliance with the requirements of this statute, concerning the notice under discussion. The statute is mandatory, and the giving of a notice, such as the statute prescribes, is a condition precedent to the maintenance of a suit for personal injury against a city, village or town; and the giving of such notice must be averred and proved, otherwise the suit will be dismissed and a recovery barred. *Erford v. City of Peoria,* 229 Ill. 546; *Ouimette v. City of Chicago,* 242 Ill. 501; *Schoeler v. City of Rockford,* 160 Ill. App. 217.

"For the reason stated the statutory notice given to appellant in this case is clearly and fatally deficient, and the judgment must therefore be reversed."

As the giving of the statutory notice is a condition precedent to the right to maintain the action, such statutory notice in every material matter must be proven upon the trial as stated therein. From what we have already said, it appears that the proofs failed to sustain the statement made in the notice concerning the residence of either the plaintiff or her attending physician.

The failure to prove the residence of plaintiff and her attending physician at the places set forth in the notice inhibits us in the decisions, *supra,* from sustaining the judgment of the trial court.

The judgment of the circuit court is therefore reversed.

*Reversed.*

TAYLOR, P.J., and WILSON, J., concur.