## Agnes Fromme, Appellee, v. City of Girard, Illinois, Appellant.

### Gen. No. 9,098.

Opinion filed April 20, 1938.

SAMUEL O. SMITH, JR., of Girard, for appellant.

R. W. GILL and LEO J. SCOTT, both of Springfield, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

Defendant appellant, city of Girard, Illinois, appeals from a judgment of the circuit court of Macoupin county in favor of plaintiff appellee, Agnes Fromme, in the sum of $1,750 for damages alleged to have been sustained by her by reason of falling upon a defective sidewalk in said city on the evening of April 19, 1933.

Statutory notice of the claim and injury was filed with the city attorney and city clerk of said city on June 6, 1933, and thereafter a complaint was filed on January 9, 1934, seeking recovery of damages. Trial was had, resulting in a hung jury. An amended complaint and answer were filed and by agreement of the parties, a jury was waived and a new trial had before the three judges of the Seventh Judicial Circuit, sit-

ting *en banc.* A judgment for $1,500 was entered for the plaintiff, from which an appeal was taken to this court. The judgment was reversed and the cause remanded to the trial court for retrial, with directions "that the plaintiff should be permitted under her complaint to show the nature and extent of her permanent disabilities, if any, and for such other proceedings as are not inconsistent with this opinion." (*Fromme v. City of Girard,* 285 Ill. App. 601, 3 N. E. (2d) 162 [Abst.].) Thereafter a trial upon its merits was again had before the three judges, sitting *en banc,* and judgment was rendered in favor of plaintiff in the sum of $1,750, from which judgment the present appeal was taken.

In the former appeal, *supra,* the question of the sufficiency of the notice to the city under the requirements of chapter 70, section 7 of the Illinois Revised Statutes of 1931 [Cahill's Ill. Rev. St. 1931, ch. 70, ¶ 7], was raised, and we there held that the place of the alleged accident was sufficiently stated in the notice to comply with the requirements of the statute. In that opinion we were unable to pass upon the question of the sufficiency of the residence address given, since no record and no abstract thereof was before the court and the proof of the actual address and residence of plaintiff did not appear. That part of the notice concerning the residence address of the plaintiff reads as follows:

"1. My name is Agnes Fromme. 2. I reside at Girard, Illinois, near Village limits."

It appears that Girard, Illinois, was a small city of about 1,500 inhabitants having no street numbers nor designated places of address; that plaintiff lived out one of the main streets of the city about five or six blocks from the center thereof; that this street continued to and over the city limits, and that plaintiff's residence on this street lay immediately outside

of the city limits, but within the built-up community of Girard, and that her postoffice address was Girard, Illinois; there being no street number or rural delivery at her home. It also appears that the mayor and city attorney, after receipt of said notice, visited her home on two occasions subsequent to the time she had sustained said injuries and before suit was filed herein.

In both the cases of *Swenson v. City of Aurora,* 196 Ill. App. 83, and *Frey v. City of Chicago,* 246 Ill. App. 172, cited by appellant, different street numbers or addresses were given than where the plaintiffs were actually living and, therefore, they were clearly held to be misleading and not to have given the plaintiffs' proper address or place of residence. In the instant case, Girard, Illinois, appears to be the only designation and only place of address given, and we hold that under the particular facts of this case, the notice given was in compliance with the statute and gave the correct residence address of plaintiff and that the defendant suffered no prejudice in law or in fact thereby.

It appears from the greater weight of the evidence that on April 19, 1933, at about 7:30 p. m., the plaintiff, her sister and a property owner, who was taking them to see some property they contemplated renting, were walking along a public concrete sidewalk in an easterly direction in said city when plaintiff stumbled over a block or section of the concrete walk which was elevated from two and one-half to four inches above the level of the adjoining section, causing plaintiff to fall on the sidewalk and sustain a fractured patella, injuries to her left knee, a "colles fracture" of the right arm and a wrist injury; that she received hospital treatment at Carlinville and Springfield, and suffered serious disabilities, some of which were of a permanent nature. The sidewalk was raised by growing roots of trees which were placed between the side-

walk in question and the curb line in the city street. It was shown that officials of the city, including the street superintendent, knew of and had inspected this defect and the raised place in the sidewalk in question several months prior to the date of the injury, but that nothing was done to change the conditions. It further appears that at and near the point or place of injury, which was located about a block from the public square and a half block from the interurban street car station, the street was poorly lighted and that plaintiff was not familiar with the surroundings on the street where the injury occurred. A city is required to exercise reasonable care to keep its sidewalks in a reasonably safe condition for the amount and kind of travel which may fairly be expected upon them. *Boender v. City of Harvey,* 251 Ill. 228, 95 N. E. 1084; *Simon v. City of Chicago,* 279 Ill. App. 80.

The questions of due care and negligence proximately resulting in the injury complained of were clearly questions of fact which were passed upon by the presiding and two associate judges, sitting *en banc,* to whom the case had been submitted by waiver of a jury and agreement of the parties, and this court is of the opinion that the judgment of the trial court was in accord with the greater weight of the evidence. The evidence showing the nature and extent of the injuries sustained and expenses incurred by plaintiff fully justified the amount of the judgment entered and the same was in no wise excessive.

We have examined all further alleged errors assigned by the appellant and we find no reversible error in the record. The judgment of the circuit court of Macoupin county is therefore affirmed.

*Judgment affirmed.*