## George Williams, Appellee, v. Charles Cowsert, Appellant.

### Term No. 48F3.

Opinion filed May 25, 1948. Rehearing denied September 23, 1948. Released for publication September 23, 1948.

COMBE & TWENTE, of Harrisburg, for appellant.

RUMSEY & DENNIS, of Harrisburg, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

■ Plaintiff sued defendant for damages for the loss of a cow which, while being driven along a gravel road, was struck by an automobile driven by defendant. The suit was begun in justice court and appealed by defendant to the circuit court where it was tried without a jury, resulting in judgment for plaintiff in the sum of $75. There being no pleadings and no instructions, and no errors assigned on rulings on evidence, the only question on this appeal is whether the evidence is sufficient to support the judgment.

■■ There is some conflict in the testimony concerning the conduct of defendant in manipulating his car at and immediately prior to his ramming the cow. Our view is that the question whether his conduct met the standard of a reasonably prudent man, was of the type normally and properly submitted to a jury. In the absence of a jury, it is submitted to the decision of

the trial judge, and we are unable to say his decision is contrary to the manifest weight of the evidence. *Fromme v. City of Girard,* 295 Ill. App. 144; *Bird v. Louer,* 272 Ill. App. 522.

Upon the question of plaintiff's due care, the testimony shows that plaintiff had just bought the cow in the neighborhood and was driving it home; that it was not broken to halter and was heavy with calf; that these conditions precluded the use of a halter; that plaintiff provided a lead cow which was broken to halter, and a man to lead it; that plaintiff followed behind with a switch; that the cows were gentle and moved slowly, but notwithstanding these precautions the doomed cow did some meandering and, as defendant's car approached, was on the left side of the road; that when defendant was within 50 or 60 feet and driving at high speed, the cow turned back toward the right; that plaintiff attempted to prevent this by use of his switch; that he was forced to desist without accomplishing much, by the necessity of jumping for safety to avoid being himself run down by the car.

The defendant asserts as a rule of law that a cow is not a pedestrian, and therefore has no right to walk on the left side of the road. The evidence fairly tends to show that she was there in spite of plaintiff's efforts, not because of them. Under these conditions, we regard the asserted rule as irrelevant, since our present inquiry concerns the activities of plaintiff rather than the cow's indifference to the law of the road.

The testimony for plaintiff above summarized is practically uncontradicted, and is partly supported by defendant's own statement that, as he saw it, the plaintiff appeared to be in control of the cow. From all of which, it seems the trial court could properly find that plaintiff was diligent in his efforts to protect his property, to the extent that was humanly and reasonably possible under the circumstances.

██ Defendant denied that he was driving too fast, claiming that he slowed to 15 miles per hour by his speedometer as he approached. But is is apparent that he was conscious of not having his car under proper control for the purpose of driving between the two cows. He seeks to excuse it by the assertion that plaintiff appeared to be in control of the second cow. He gives several excuses for not using his brakes, one of them being that he feared it would cause him to skid and go into the shallow ditch. Ramming the cow, an object of some mass, had no effect on the momentum of the car, he heard a noise but did not even feel a jar. He proceeded on his way without hesitation, completely ignoring the incident, though he afterwards said he was in no hurry at the time. Apart from plaintiff's evidence, these admissions furnish substantial ground for deciding that defendant's negligence was the proximate cause of the collision.

██ There is some basis for appellant's objection to the proof of damages. But the plaintiff did testify that he had just paid $125 for the cow, which is some evidence of value. He was prevented from elaborating upon the nature of his bargain by objection from the defense which was sustained. The cow was killed but not by the impact of the car. Plaintiff offered to prove by a qualified witness that it was necessary to destroy the injured animal. The court sustained a defense objection to testimony on the point, stating as his reason that it was a matter of common knowledge. It was also shown that plaintiff consulted defendant with reference to disposition of the carcass, when defendant was apparently aware of his liability and defendant then told plaintiff, in effect, to use his own judgment. A party cannot complain of an error which he induced the court to commit or to which he consented. *McKinnie v. Lane*, 230 Ill. 544, 548; 5 C. J. S. Appeal & Error, sec. 1501. Nor will he be heard to complain of lack of proof, where such proof was of-

fered and erroneously excluded upon his objection. *Hanon v. Kansas City Life Ins. Co.*, 269 Ill. App. 135, 149.

In our opinion the defendant had a fair trial, and the amount of the judgment is conservative. A court of review will not, in such circumstances, reverse for minor errors and imperfections in proof, which could not within reason have any substantial effect on the result. The judgment is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J., and BARDENS, J., concur.