# WILLIAM MOUNT

### *v.*

# WILLIAM S. HUNTER.

1. DECLARATION—*under statute—debt—case.* The statute provides, that if the owner or person having possession of sheep known to be affected with a contagious disease, shall permit them to run at large, or be where other animals may have access to them, he shall be liable for all damages resulting from their running at large: *Held,* this is a remedial and not a penal action, and the declaration in a suit for such damages should be in case and not in debt, and need not conclude against the form of the statute. Such a conclusion is but formal, and is cured by verdict even where the form requires it.

2. DEMURRER—*after general issue.* Where the general issue is filed, all the material averments in the declaration are thereby traversed, and a demurrer to a plea can not be carried back and sustained to the declaration.

3. PLEAS—*of statute of limitations.* To such an action, it not being for a penalty, fine or forfeiture, a plea that the cause of action did not accrue within one year and six months before the suit was brought, presents no bar to the action, and is bad on demurrer. The action given by this statute, like other actions on the case, is not barred until five years have expired after the cause of action has accrued.

4. EVIDENCE—*jury.* The question whether the disease called "scab" is contagious among sheep, is for the determination of the jury, from the evidence before them.

APPEAL from the Circuit Court of Logan county.

This was an action on the case, brought by William S. Hunter, in the Logan Circuit Court, against William Mount, to recover for damages sustained by the latter in permitting his sheep to run at large, knowing them to have a contagious disease known as the "scab," whereby plaintiff's sheep became infected and damaged. The pleas of not guilty and of the statute of limitations were filed, and issue joined on them. Two other pleas of the statute of limitations were filed, that the action did not accrue within one year and six months before the commencement of the suit, to which a demurrer was filed and sustained. A trial was had before the court and a

jury, resulting in a verdict in favor of the plaintiff for $388.75 damages. After overruling a motion for a new trial and in arrest of judgment, the court rendered judgment on the verdict, after $88.75 of the damages had been remitted, and the defendant appeals to this court.

Mr. WILLIAM B. JONES, for the appellant.

Messrs. BEASON & BLINN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action on the case, brought by appellee, in the Logan circuit court, against appellant. The ground of recovery was the turning of appellant's sheep, affected with a contagious disease, upon the open prairie with appellee's sheep, whereby they became diseased. The action was brought under the 2d section of the act of February 16, 1865. (Sess. Laws, p. 126.) It declares, "If any person shall suffer to run at large, or keep in any place where other creatures can have access to, and become infected, any sheep known to the owner or person having the care or possession thereof, to be affected with any contagious disease, such person shall be liable to pay all damage that may result from the running at large of such diseased sheep."

On a trial in the court below, the jury found the issues for the plaintiff, and assessed his damages. Motions for a new trial and in arrest of judgment, were entered, but were overruled by the court, and a judgment was rendered on the verdict.

It is first urged, that the declaration is so defective, the judgment should have been arrested. The grounds urged, are, that the suit is for a penalty, and debt, and not case, is the proper form of action, and that the declaration does not conclude against the form of the statute.

One of the divisions of statutes is remedial and penal. A remedial statute has for its object either to redress some existing grievance, or to introduce some regulation or proceeding

conducive to the public good. The remedy for the breach of a remedial statute, is by an action for damages sustained from such a breach, at the suit of the party injured. A penal statute imposes a penalty upon the commission of the prohibited offense, which is recovered by an action of debt, in the name of the informer, for his own use, or *qui tam.* The statute fixes the amount of the penalty, and hence the action of debt is appropriate, while in actions under remedial statutes, the party injured recovers the amount of injury he has sustained by a breach of the statute, and case is generally the appropriate remedy. These distinctions are elementary, and require the citation of no authorities for their illustration.

This statute has declared no forfeiture, but simply prohibits the act and gives an action to recover the damages sustained by its violation. It, therefore, falls within the definition of a remedial statute, and as the act has not required any other form of action to be brought, case is the appropriate remedy. As regards the objection that the declaration fails to conclude against the form of the statute, the action not being penal it was not necessary to refer to the statute. It is, at most, formal, and is cured by verdict, and can not be reached by a motion in arrest.

In this case, the general issue was filed to the declaration, which formed an issue of fact on every material averment in the declaration, and when such an issue has been formed, a demurrer can not be carried back and sustained to the declaration, as has been repeatedly held by this court. There was, therefore, no error in not sustaining the plaintiff's demurrer filed to defendant's pleas, to the declaration, even if the formal objection could have been reached by general demurrer.

The demurrer to the third and fourth pleas, was properly sustained. They were under the statute which bars indictments, informations and actions, for the recovery of fines or forfeitures under any penal statute, in one year and six months. We have seen this is not a suit for the recovery of a penalty, nor is it for a fine or forfeiture; hence this statute has no

application to this action. It is governed by the general stat-
ute of limitations,which bars an action on the case in five years,
and not before.

It is also urged, that there was a failure of proof that the
"scab" is a contagious disease. The evidence shows that
appellee's sheep were healthy and free from all disease when
they first came in contact with appellant's sheep, and that they
soon after became affected with the same disease that appel-
lant's were then suffering from, and which must have been
thus communicated. Whether the disease was or not con-
tagious, was a question for the determination of the jury from
the evidence before them, and the conclusion at which they
arrived is supported by the evidence.

Whether appellee's sheep contracted the disease from the
sheep of appellant, was a question fairly presented to the jury,
and they were warranted in finding as they did. There was
some contrariety of testimony on the question, and it was the
province of the jury to weigh it and to act upon that which
they regarded as the most reliable. Having done so, their
finding will not be disturbed. It does not lie with appellant,
if he caused the injury, to complain that appellee did not
seek persons skilled in curing the disease, and have them
treated. If such a duty devolved on any one, it was upon
appellant; he having caused the injury, was legally and mor-
ally bound to repair it, and not impose the duty on a person
guilty of no wrong.

The evidence all considered, the jury were warranted in
their finding, and we fail to perceive that the damages are so
large as to require a reversal of the judgment, and it is
affirmed.

*Judgment affirmed.*