Evans v. Concordia.

SILAS S. EVANS V. THE. CITY OF CONCORDIA.

No. 14,617.   (85 Pac. 813.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Defective Sidewalk — Ice Formed from Natural Causes.* In an action against a city for injuries from a fall upon a sidewalk covered with ice and snow,  where it appears from plaintiff's opening statement that the ice, which accumulated from natural causes, was less than an inch in thickness, and that plaintiff knew when he went upon it that the ice was smooth and slippery, and that he fell by reason of its smooth and slippery condition, and no other defect is claimed, a judgment for costs in favor of the city will be upheld.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed June 9, 1906. Affirmed.

*Theodore Laing,* for plaintiff in error.

*A. L. Wilmoth,* and *Earl V. D. Brown,* for defendant in error.

The. opinion of the court was delivered by

PORTER, J.: In an action for damages for injuries received in a fall upon an icy sidewalk the trial court rendered judgment in favor of the city for costs upon the opening statement to the jury of the facts which plaintiff expected to prove. Error is predicated upon this ruling of the court.

In his statement plaintiff followed the averments of his petition, which were in substance that on the night of January 19, 1904, and on the following day, as the result of rain, sleet and snow flurries, the walks of the city became covered with a sleety ice to the depth of less than an inch and more than half an inch, which was, then and continued to be smooth and slippery and difficult and dangerous to walk upon; that the walks were permitted by the city to remain in this condition until the evening of the 25th of January, when plaintiff, who was walking with due care because he knew

that the sidewalk was icy, slipped and fell by reason of the icy, slippery condition of the sidewalk in that particular place.

When ice and snow accumulate from natural causes upon the sidewalks of a city, and a person is injured by a fall occasioned by their smooth and slippery condition, is the city liable in an action for damages? This is the sole question in the case. No other defect in the sidewalk is claimed. The same question has frequently been before the courts, and with almost entire unanimity it has been held that where the injuries were caused wholly by reason of the smooth and slippery condition of the ice and snow there was no liability for negligence on the part of the city. A distinction has been observed in many cases where the ice or snow has been allowed to form in ridges or uneven places on the walk amounting to an obstruction; but smoothness and slipperiness, being natural conditions, have almost universally been held not sufficient to cast responsibility upon the city. The reasons for the distinction are well stated in *Smyth v. Bangor*, 72 Me. 249, as follow:

"In this cold climate, where ice and snow cover the whole face of the earth for a considerable portion of the year, such an inconvenience ought not, and rightfully cannot, be regarded as a defect. No amount of diligence can keep our streets and sidewalks at all times free from ice and snow; and the latter, when trodden smooth and hard, is nearly, and sometimes quite, as slippery as ice; and travelers will often slip and fall when no one is to blame. To hold towns and cities responsible for such accidents would practically make insurance companies of them. A block of ice may constitute a defect the same as a block of wood or stone. So a ridge or hummock of ice, or snow, may constitute a defect the same as a pile of lime, or sand, or mortar, upon the sidewalk would. But we regard it as now well settled that mere slipperiness of the surface of a highway or sidewalk, caused by either ice or snow, is not a defect for which towns and cities are liable." (Page 250.)

In *Gilbert & Wife v. City of Roxbury*, 100 Mass. 185,

a case like the one at bar, the action of the trial court in directing a verdict for defendant was sustained. In *Stone v. Inhabitants of Hubbardston*, 100 Mass. 49, it was held that mere slipperiness of the surface of a highway properly constructed, and of no unusual slope, was not a defect which would render the municipality liable any more than moisture or mud upon a flagstone or sidewalk. It was said in that case:

"But ice, which by reason of constant or repeated flowing of water, trampling of passengers, or any other cause, assumes such a shape as to be an obstacle to travel, may constitute such a defect." (Syllabus.)

To the same effect see: *Chamberlain v. The City of Oshkosh*, 84 Wis. 289, 54 N. W. 618, 19 L. R. A. 513, 36 Am. St. Rep. 928, and cases cited in note; *Grossenbach v. The City of Milwaukee*, 65 Wis. 31, 26 N. W. 182, 56 Am. Rep. 614; *Luther v. City of Worcester*, 97 Mass. 268; *Stanton v. City of Springfield*, 94 Mass. 566; *Borough of Mauch Chunk v. Kline*, 100 Pa. St. 119, 45 Am. Rep. 364; *Kinney v. The City of Troy*, 108 N. Y. 567, 15 N. E. 728; *Harrington v. City of Buffalo*, 121 N. Y. 147, 24 N. E. 186; *Chase v. City of Cleveland*, 44 Ohio St. 505, 9 N. E. 225, 58 Am. Rep. 843; *Broburg v. The City of Des Moines*, 63 Iowa, 523, 19 N. W. 340, 50 Am. Rep. 756.

Most of these cases are from the extreme northern and eastern states, where the conditions which usually obtain illustrate more forcibly the manifest propriety of the rule. It is urged by plaintiff in error that the mildness of the winters in Kansas requires a distinction to be made, which has been recognized by some courts, based upon climatic conditions; that where the winters are so mild that ice and snow are comparatively infrequent the municipality should be held to a higher degree of diligence. Thus it was said in *Scoville v. Salt Lake City*, 11 Utah, 60, 39 Pac. 481, cited by plaintiff in error:

"Differences of climate and locality are to be considered in determining the liability of municipalities

for their failure to exercise care in removing ice and snow from their walks. Each case must be considered with reference to the climate of the place. In Minnesota, where ice and snow exist almost constantly through the winter season, to require municipalities to keep their walks absolutely free of ice and snow would be highly unreasonable. But in other localities and in a warmer climate, like Utah, where snow and ice, although not unusual, are by no means continuous, to require the municipalities to keep their walks free of ice and snow, especially in particular localities, is by no means unreasonable." (Page 67.)

An examination of this case discloses, however, that the decision was not placed upon the reasons stated in the excerpt. It appears that the ice in question was not formed by natural causes but by water discharged upon the sidewalk by means of a defective conductor, and that the city had permitted the ice to remain for an unreasonable length of time in a rounded and uneven condition. So the portion of the opinion relied upon seems not to have been necessary to the decision.

On the other hand the supreme court of Missouri, in *Reedy v. Brewing Ass'n and City of St. Louis*, 161 Mo. 523, 61 S. W. 859, 53 L. R. A. 805, a recent and parallel case, arising in a locality not more subject to the natural accumulation of ice and snow than the city of Concordia, Kan., if we may take notice of the weather reports, recognized the force of the rule established in the northern and eastern states, although affirming a judgment against the city upon other grounds. It was held that smooth and slippery ice covering a sidewalk at one place, which formed from water running off the roof of an abutting building on account of a leak in a water-pipe, was a dangerous obstacle which the city was bound to remove within a reasonable time after notice, it not having been shown that there was any other ice or snow in the city. The court referred to the well-established doctrine that a city is not liable for injuries caused by smooth and slippery ice where it has formed generally upon the streets

La Harpe v. Greer.

and walks, and where no special defect is shown, and mentioned two well-founded reasons for it: First, it is not one of the law's reasonable requirements that a city should remove from the many miles of walks the natural accumulation of ice and snow, because such a requirement is impracticable from the nature of things; second, because when these conditions exist generally they are obvious, and every one who uses the sidewalks at such times is on his guard and is warned by the surroundings and the danger of slipping at every step. These reasons meet with our approval. To hold otherwise would cast upon cities a burden for which they are not responsible and greater than their ability to provide for. This rule has reference to a general accumulation of ice or snow from natural causes, where no other defect in the walk is shown except the natural slippery condition of the ice or snow.

The judgment is affirmed.

All the Justices concurring.