GEORGE TUCKER

*v.*

RUTH JANE DUNCAN *et al.*

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*when objection to admission of records of deeds is waived.* A general objection to the admission in evidence of the record of a deed is a waiver of the specific objection that the offered evidence is secondary and that sufficient preliminary proof has not been made.

2. EJECTMENT—*what evidence authorizes recovery.* Proof of a deed purporting to convey the title in fee to a certain person, together with proof of possession by him for thirty years and that such title as he had had passed to the plaintiff, is sufficient to authorize recovery in ejectment, where the defendant disclaims title and seeks only to show that he has never been in possession.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

H. W. POGUE, and HAMILTON & HAMILTON, for plaintiff in error.

THOMAS F. FERNS, for defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

This was an action in ejectment, brought on September 12, 1905, by defendants in error, the children and heirs-at-law of George Flippo, who died intestate in 1902, against George Tucker and William H. Journey, to the September term, 1905, of the circuit court of Jersey county, to recover, in fee, an eighty-acre tract of land situated in that county. To the declaration Tucker filed a plea of not guilty and a verified special plea disclaiming any title or interest in the lands, and denying that he was, or ever had been, in possession of any part of the lands. Defendants in error dismissed as to Journey. The cause was tried by the court without a

jury, and on September 29, 1905, judgment was rendered in favor of defendants in error. October 4, 1905, Tucker paid the costs and took a new trial under the statute, and at the March term, 1906, the cause was again tried by the court without a jury and a judgment in favor of defendants in error was entered. Tucker preserved the evidence by bill of exceptions, and sues out this writ of error.

At the time of his death George Flippo resided, with his family, on this tract. Thereafter his widow and children removed therefrom, whereupon William H. Journey invaded their possession, and Tucker, under Journey, moved into the dwelling house on the land.

No propositions of law were submitted to the court to be held as the law of the case. No motion for a new trial was made. No exception was preserved by the bill of exceptions to the finding or judgment of the court. There is, therefore, no question in this record upon which we can pass, save one raised by exceptions to the action of the court in overruling certain objections to proof offered by defendants in error. *Gould* v. *Howe,* 127 Ill. 251; *Regneri* v. *Loesch,* 182 id. 143; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 id. 538; *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 id. 61.

It appears by evidence, to which no objection was made, that one William Williams acquired the title to this tract of land from the government of the United States prior to 1838. For the purpose of tracing this title to the defendants in error there was offered, and the court received, in evidence the following: The record of a deed from William Williams dated March 5, 1859, conveying the premises to Michael Schipp and August Seafest; the record of a mortgage, dated March 5, 1859, from Michael Schipp and August Seafest to William Williams upon the same premises; the record of a deed by the master in chancery, dated March 7, 1866, made upon the foreclosure of the mortgage just referred to, conveying the premises in question to Samuel

Journey; the record of a deed, dated November 12, 1870, from W. G. Thompson, administrator of the estate of Samuel Journey, deceased, to George Flippo, made pursuant to a sale under a decree directing a sale of the real property of the deceased for the payment of the debts of his estate; the original of a deed from the widow of George Flippo, deceased, dated August 28, 1905, conveying to defendants in error her interest in said real estate. It is now urged that each of the records mentioned above was admitted without the preliminary proof required by section 36 of chapter 30, Hurd's Revised Statutes of 1905.

When the record of the deed from Williams to Schipp and Seafest was offered, plaintiff in error objected for the reason "that the original is the best evidence." Defendants in error then sought to make the necessary preliminary proof by I. C. Duncan, the husband of one of the defendants in error. We have carefully examined his testimony and find that it does not satisfy the requirements of section 36, *supra*. For this reason the record of the deed from Williams to Schipp and Seafest was improperly admitted.

When each of the other records was offered plaintiff in error contented himself by making a general objection, and did not state the grounds thereof. If the ground of his objection was that the evidence offered was secondary, and not primary, he should have so stated at the time of making the objection. Having failed so to do he cannot insist upon that objection in this court. (*Baltimore and Ohio Southwestern Railroad Co.* v. *Brubaker,* 217 Ill. 462.) Each record following that of the deed from Williams to Schipp and Seafest was properly admitted.

It appeared from oral evidence that during the thirty years immediately preceding his death, George Flippo resided upon, was in possession of and farmed the land in controversy, and this, together with the proof of the fact that the land had been conveyed to him by a deed dated November 12, 1870, purporting to convey to him the fee simple title,

and with proof that such title as he had passed to defendants in error, was sufficient proof of title to warrant a finding and judgment against plaintiff in error, who disclaimed title and who merely sought to show in defense that he was not, and never had been, in possession of the property. Indeed, "prior possession alone is evidence of a fee, and, although the lowest, until rebutted by a higher it must prevail." *Keith* v. *Keith,* 104 Ill. 397; *Coombs* v. *Hertig,* 162 id. 171.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*