PATRICK J. PURCELL, Appellee, *vs.* THE' CITY OF CHICAGO, Appellant.

*Opinion filed December 17, 1907.*

1. MUNICIPAL CORPORATIONS—*city must use reasonable care to keep street in reasonably safe condition.* A municipal corporation is bound to use reasonable care to keep its streets in reasonably safe condition for the use of the traveling public.

2. SAME—*when question of plaintiff's exercise of care is for the jury.* Whether a garbage-wagon driver was in the exercise of due care in driving in the middle of a street covered with water, which concealed a deep hole, where wagons obstructed the street on both sides, is a question of fact for the jury.

3. INSTRUCTIONS—*when instruction as to city's duty respecting streets is not misleading.* An instruction stating it to be the duty of a city to use reasonable care to keep its streets in reasonably safe condition "for all persons passing on or over the same" is not misleading, as omitting the requirement that such persons must exercise ordinary care, where such instruction, as well as others, requires the use of ordinary care by the plaintiff.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. FROST, Judge, presiding.

The appellee, in an action on the case, recovered a judgment against appellant for $5000, which the Appellate Court affirmed, and a further appeal is prosecuted to this court.

The appellee's injury was caused by his being thrown from a wagon which he was driving along Twenty-eighth street, by reason of a wheel dropping into a hole in the street. The negligence alleged was permitting a large and dangerous hole to remain in the street. The street was unpaved, very muddy and much cut up by hauling over it. The plaintiff was in the employ of the city, and by the direction of his superior was driving a loaded garbage wagon to the dump at the bridewell. Two wagons were stuck in

the mud,—one on either side of the street,—and appellee
started to drive between them.   There had been much rain
and the space between the wagons was covered with water.
A large hole, six feet long, two feet wide and two feet deep,
which had been in the street there for seven or eight months,
was concealed by the water, and appellee's wheel falling sud-
denly in this hole, he was thrown off the wagon and injured.
The accident happened on Saturday afternoon and plaintiff
had driven over the street three times before, on Thursday,
on Friday and on Saturday morning, driving on one side
of the street.

JOHN R. CAVERLY, City Attorney, (EDWARD C. FITCH,
and FRANK D. AYERS, of counsel,) for appellant.

THEODORE G. CASE, and JOHN T. MURRAY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The court did not err in refusing to instruct the jury to
find the defendant not guilty.   The hole of the size men-
tioned made a dangerous condition of the street.   Such con-
dition had continued for many months.   The surface of the
street at that point was covered with water and wagons ob-
structed the street on either side.   Whether appellee was in
the exercise of ordinary care in driving between the wagons
and along the middle of the street was a question of fact for
the jury.   It is the duty of a city to use reasonable care to
keep all its streets in a reasonably safe condition for the use
of the traveling public.   *City of Flora* v. *Nancy,* 136 Ill.
45; *City of Decatur* v. *Besten,* 169 id. 340; *Town of Nor-
mal* v. *Bright,* 223 id. 99.

Objection is made to the second, third, fifth and seventh
instructions.   The second is as follows:

"The jury are instructed that the defendant is bound to
use reasonable care and precaution to keep and maintain its
streets in reasonably good and sufficient repair to render

them reasonably safe for all persons passing on or over the same, and if the jury believe, from the preponderance of the evidence, that the defendant failed to use reasonable care and precaution to keep its street in such repair, and that the injury complained of resulted from that cause, as charged in the declaration, and that the plaintiff sustained damage thereby while exercising ordinary care, then he is entitled to recover in this suit."

It is objected that the phrase, "the plaintiff sustained damage thereby while exercising ordinary care," has no reference to the care required of the plaintiff at the time of the injury, but only to ordinary care regarding the damages. The jury was instructed on behalf of the defendant that the plaintiff, in order to recover, must show that he was, at the time and place in question, in the exercise of due care and caution for his own safety, and that if he was himself negligent he could not recover. The jurors were told that the instructions given them were one connected series, to be applied to the facts as a whole, and it is impossible that this instruction could have misled them as to the time and place of the requirement of ordinary care of plaintiff. It is also said that the instruction required the city to keep its streets safe for all persons passing over them, whereas it is only required to keep them safe for persons who, in using them, are exercising reasonable care for their own safety. The instruction was not misleading in this respect, for, as applied to the case, it does require the plaintiff to have been injured while exercising ordinary care, and the safety of the street, so far as others were concerned, is not within the scope of the instruction. While not free from cause for criticism, the instruction was not in this case misleading.

The third instruction was approved by this court in *Chicago and Alton Railroad Co.* v. *Pearson,* 184 Ill. 386, the fifth in *North Chicago Street Railroad Co.* v. *Kaspers,* 186 id. 246, and the seventh in *Cicero and Proviso Street Railway Co.* v. *Brown,* 193 id. 274, and *Chicago and Milwaukee*

*Electric Railway Co.* v. *Ullrich,* 213 id. 170. The first sentence might better have been stricken out of the third instruction, but it was not error to give it.

The judgment is affirmed.   *Judgment affirmed.*