JESSIE PICKETT, Appellee, vs. CHARLES KUCHAN, Appellant.

*Opinion filed October 28, 1926.*

1. CONSTITUTIONAL LAW—*provision of Civil Rights act as to use of theatres is valid.* The provision of the Civil Rights act that all persons, regardless of race or color, shall be entitled to the full and equal enjoyment of the accommodations of theatres is a valid regulation of the theatre business, as the right to regulate all places of public amusement is within the power of the legislature, and includes the right to compel persons engaged in such business to furnish equal facilities and accommodations to all members of the public without discrimination.

2. SAME—*when legislative classification will not be disturbed.* The legislature has power to classify businesses for purposes of regulation, and the courts will not disturb the classification unless it is clear that there is no fair reason or basis for the inclusion of the business regulated and the exclusion of other private businesses.

3. RIGHTS AND REMEDIES—*case is proper action to recover damages under Civil Rights act.* Case is a proper action for the recovery of the penalty or damages allowed an aggrieved person under section 2 of the Civil Rights act, as the statute is remedial in character and does not fix a certain amount as penalty for its violation but merely prescribes a minimum below which and a maximum above which the jury shall not fix damages.

4. PLEADING—*variance should be pointed out in motion to direct verdict—review.* A defendant cannot complain in the Supreme Court of the ruling of the trial court in refusing to direct a verdict on the ground of a variance, where, in the motion to direct a verdict, he did not indicate specifically the particular variance nor state wherein the declaration failed to conform to the proof, so as to give the plaintiff opportunity to amend the declaration to meet the objection.

5. SAME—*in a tort action, charge in declaration need not be sustained in toto.* It is not necessary in an action on the case for the plaintiff to prove the charge in the declaration to its full extent, and where part of the charge proved shows a right of action the plaintiff is entitled to recover *pro tanto,* as torts are severable and it is necessary to prove only so much of the wrong charged as constitutes a cause of action.

6. AMUSEMENTS—*what is not a defense to action under Civil Rights act for damages for refusal to sell ticket to theatre.* In an

action under the Civil Rights act for damages on account of the refusal of the defendant to sell the plaintiff, who was a negress, "any ticket of admission" to the defendant's theatre, it is no defense to show that the defendant offered to sell her a ticket to the balcony, and proof of a refusal to sell the plaintiff, on account of her race, a ticket to the main floor, which she requested, will entitle her to a verdict.

APPEAL from the Circuit Court of Fulton county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

GLENN RATCLIFF, FRED H. SNYDER, and ROBERT F. WHITE, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD, and ROBERT B. CHIPERFIELD, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Jessie Pickett, brought this action in case against appellant, Charles Kuchan, to recover damages for refusal to sell her a ticket of admission to a show given in appellant's theater. The jury found appellant guilty and assessed appellee's damages at $70. Judgment was entered on the verdict and this appeal followed.

The facts established by a preponderance of the evidence are substantially as follows: Appellant is the proprietor of a theater in Canton. April 16, 1925, the Harvey Minstrels were showing in this theater. Appellee applied at the ticket office for a ticket to the performance and was refused a ticket for admission to the main floor of the theater for the reason that she is a negress.

This action is based upon the Civil Rights statute, which provides: "That all persons within the jurisdiction of said State of Illinois shall be entitled to the full and equal enjoyment of the accommodation, advantages, facilities and privileges of * * * theaters, * * * subject only to

the conditions and limitations established by law and applicable alike to all citizens." Section 2 of the same act provides: "That any person who shall violate any of the provisions of the foregoing section by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense, forfeit and pay a sum not less than twenty-five ($25) dollars nor more than five hundred ($500) dollars to the person aggrieved thereby." (Smith's Stat. 1925, p. 883.)

Appellant contends that this act is void for the reason that it contravenes sections 1 and 2 of article 2, and section 22 of article 4, of the constitution of Illinois, and section 1 of amendment 14 to the constitution of the United States. In support of this contention he argues that operating a theater is a private business, and that any regulation which takes away the freedom of contract deprives him of his property without due process of law; that any legislation which undertakes to regulate the business of operating a theater and does not regulate other businesses which cater to the public is arbitrary and discriminatory.

The right of the State to regulate theaters and all places of public amusement is universally recognized. (*People* v. *Steele,* 231 Ill. 340.) This right to regulate includes the right to compel persons engaged in businesses catering to the public to furnish equal facilities and accommodations to all members of the public without discrimination. (Cooley's Const. Lim.—7th ed.—p. 869; *People* v. *King,* 110 N. Y. 418, 1 L. R. A. 293.) The legislature has the power to classify businesses for purposes of regulation, and the courts will not disturb the classification unless it is clear that there is no fair reason or basis for the inclusion of the business regulated and the exclusion of other private businesses. (*Stewart* v. *Brady,* 300 Ill. 425.) The statute

in question is only a regulation of places of public entertainment and amusement, requiring that the facilities and
accommodations of such places be extended to all without
discrimination, and there is no merit to the contention of
appellant that it deprives him of his liberty or property
without due process of law. (*Western Turf Ass'n* v.
*Greenberg*, 204 U. S. 359, 27 Sup. Ct. 384; *Munn* v. *People*, 69 Ill. 80.) The legislature undoubtedly had the power
to pass the act in question. Whether it acted wisely is a
matter for it to determine. The judiciary have nothing to
do with the wisdom or policy of legislation. *People* v.
*Lloyd*, 304 Ill. 23; *Donnell* v. *State*, 48 Miss. 661, 12 Am.
Rep. 375.

It is next contended that this is an action to recover a
statutory penalty, and that it should have been in debt and
not in case. This contention is based upon a misapprehension of the character of the statute. Its purpose is to
regulate, for the promotion of the public good, certain businesses in which the public have an interest, and it is therefore remedial. The remedy for the breach of a remedial
statute is an action in case to recover damages for the injuries sustained. (*Mount* v. *Hunter*, 58 Ill. 246.) Usually
debt is not sustainable unless the demand is for a sum certain or one which can be readily reduced to a certainty.
Under the statute in question the forfeiture to the person
aggrieved is not certain in amount nor can the amount of
damages be determined with any degree of certainty. The
statute simply prescribes the minimum below which the
caprice and the maximum beyond which the passion of a
jury shall not fix damages.

Appellee alleged in her declaration that appellant, by
his servant, refused "to sell to her any ticket of admission
to said theater and performance, and did inform her that
he would refuse to admit her to such theater and performance solely because she was then and there a person of
color and of the negro race." Appellant contends that the

preponderance of the evidence shows that he did not refuse to sell appellee "any ticket of admission," but that he offered to sell her a ticket which would admit her to the gallery of his theater, and that there is a variance between the allegations and proof. In his motion to direct a verdict appellant did not indicate specifically the particular variance nor did he state wherein the declaration failed to conform to the proof, so that appellee would have the opportunity to amend her declaration to meet the objection. Omitting to particularly point out the variance, appellant cannot now complain of the ruling of the court. (*Flanagan* v. *Wells Bros. Co.* 237 Ill. 82; *Illinois Terminal Railroad Co.* v. *Thompson,* 210 id. 226; *Illinois Central Railroad Co.* v. *Behrens,* 208 id. 20.) Furthermore, we do not think there was such variance, for the reason that appellee testified positively that appellant's servant refused to sell her any ticket to the performance.

A further contention of appellant is that the proof fails to support the charge in the declaration, but there is no merit to this contention. If it be conceded that the preponderance of the evidence shows that appellee was offered a ticket to the gallery but was refused one to the main floor of the theater, this proof sustains the charge in the declaration. It is not necessary for the plaintiff to prove the charge to its full extent. Where the part of the charge proven shows a right of action the plaintiff is entitled to recover *pro tanto.* It is a familiar doctrine of law that torts are severable and that it is necessary to prove only so much of the wrong charged as constitutes a cause of action. (*Hicks* v. *Silliman,* 93 Ill. 255; *City of Rock Island* v. *Cuinely,* 126 id. 408; *East St. Louis Connecting Railway Co.* v. *Altgen,* 210 id. 213.) It was no defense to the action to show that appellant offered to sell to appellee a ticket to the gallery. Proof of the refusal to sell her, on account of her race, the ticket requested entitled her to a verdict. *Baylies* v. *Curry,* 128 Ill. 287.

Other errors assigned by appellant are not of that character which, if sustained, would justify a reversal of the judgment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*