Bessie Simon, Appellee, v. City of Chicago, Appellant.

Gen. No. 37,480.

82

Opinion filed February 1, 1935.

WILLIAM H. SEXTON, Corporation Counsel, and A. M. SMIETANKA, City Attorney, for appellant; QUIN O'BRIEN and JAMES J. DANAHER, Assistant Corporation Counsel, of counsel.

LEOPOLD SALTIEL, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff brought this action to recover for personal injuries received while she, alighting from the front end of a street car, stepped into a hole which she claims the city negligently permitted to remain in the street in close proximity to the step of the car. The receivers of the corporations constituting the Chicago Surface Lines were also named defendants, but the suit was dismissed as to them and proceeded against the city alone. The jury rendered a verdict of $2,250, upon which judgment was entered, and defendant seeks a reversal.

Plaintiff testified in her own behalf that she was married, lived with her husband and two children and that in addition to keeping house for her family she conducted a small candy and grocery business in a store in front of her living rooms; that about 10 a. m., May 10, 1932, she left her home and boarded a north-bound Kedzie avenue street car, which carried her to Chicago avenue, where she alighted and boarded an east-bound Chicago avenue car; that when that car stopped at or near its regular stopping place at Ashland avenue to discharge and take on passengers she walked to the front platform, took hold of the handrail on the east side of the door opening with her left

hand, stepped with her right foot on to the step of the car, brought her left foot down to the step and then stepped to the street with her right foot and into a hole; that as she alighted from the car she looked down at the step and then south; that in answer to a question as to whether she looked straight ahead of her when she got off the car she said "straight"; that "I stepped right into a hole, and I felt a sharp pain, so I sat down on the step"; and that she was assisted to the office of a Dr. Block nearby, who gave her emergency treatment and sent her home in a cab.

The motorman of the street car, testifying in plaintiff's behalf, stated: "I saw a woman fall in a hole, slipped rather. . . . She got off and walked a little bit to the right and some people got off ahead of her and after her, but I seen her when she was down. . . . I helped the lady to the corner store. . . . The conductor took her to the doctor . . . there was a hole there, I should judge about two feet by two and one-half and I should say between three and six inches deep. . . . The asphalt was gone. . . . Just the heel of the step covered one corner"; that this hole had been in the street around a month or so; and that there was usually a policeman on that corner, but that he did not see one at that time.

On cross-examination the motorman testified that he did not see plaintiff fall but that "somebody hollered and I looked and happened to see this woman"; that she was "down on one knee and said she was hurt and I said do you want to call a doctor and she said yes. . . . there was a machine ahead of us that stopped us back twenty or twenty-five feet from the corner"; that he noticed this hole a couple of weeks or more before that day and it seemed to be getting larger all the time, just like it "was working away" from machines hitting it; and that the hole was one and a half or two feet south of the south rail of the eastbound tracks.

Henry Bay testified in plaintiff's behalf that he measured the hole and surrounding roadway May 14, 1932; that ''the hole was about four to six inches deep and about two feet by four feet in dimension and about twelve feet north of the south curb of Chicago avenue and about twenty feet west . . . of the west crosswalk of Ashland avenue.''

Defendant offered no evidence.

That the city must use reasonable care to keep its streets in a reasonably safe condition for the use of the traveling public is the settled law of this State. (*Purcell v. City of Chicago*, 231 Ill. 164.) There was ample evidence from which the jury might fairly conclude that the city was negligent in permitting a hole of the kind and character described by the witnesses, and situated as it was, to remain in the street, and the court very properly submitted the question of defendant's negligence to the jury.

We find no evidence in the record that plaintiff was not in the exercise of ordinary care for her own safety. Passengers got off ahead of her and behind her. She took hold of the grab rail, looked at the step of the car and safely landed on it with both feet. She then looked ahead and stepped with her right foot to what she had a right to expect was the pavement at the street level. Her foot landed instead in the hole, causing her to fall and receive the injuries complained of. Whether her conduct constituted contributory negligence under all of the facts and circumstances in evidence in this case was properly submitted to the jury and its verdict in her favor determined that question. To hold that a person alighting from a street car is absolutely bound to keep her eyes fixed upon the street alongside of the stopping place of the car in search of defects and dangerous places would be to establish a manifestly unreasonable and impractical rule. (*Graham v. City of Chicago*, 346 Ill. 638; *City of Chicago v. Babcock*, 143 Ill. 358.)

It is earnestly contended that the trial court should have directed a verdict for defendant and dismissed plaintiff's action because of her failure to prove all of the matters required by statute in the notice of the accident served upon the city as a condition precedent to her right to commence her suit. Such a notice was served. Plaintiff averred and proved it upon the trial, where no objection was offered to its admission in evidence. It bears an indorsement indicating its receipt by the city clerk, corporation counsel and city attorney. The statute does not require a plaintiff to furnish proof of each and every matter set out in the notice. It merely requires proof of service of the notice. If there is nothing in the proof to contradict the recitals of the notice or if there is nothing to show that a recital is untrue, there is no ground for a motion to dismiss. The statute provides that the notice must be given and the rules of practice require that proof of service of the notice shall be made upon the trial. In this case the notice was introduced in evidence and proof was made of its service. Nothing appeared in the evidence to contradict any recital, and we see no good reason why plaintiff should be required to make affirmative proof of the truth of recitals of this character unless they are challenged and put in issue. No objection was raised by defendant and the court's attention was not called to any variance between the proof and any recital of the notice. (*Graham v. City of Chicago, supra.*)

It is claimed that plaintiff failed to prove venue and that such failure is fatal to her judgment. It is sufficient to state that the notice to defendant, which is in evidence, apprising it of the accident, definitely shows that she resided in the city of Chicago and that the intersection of Ashland avenue and West Chicago avenue is in the city of Chicago, county of Cook and State of Illinois. In any event no mention was made of this objection or of defendant's objection that plain-

tiff failed to prove the matters set out in her statutory notice either in its motion for a directed verdict, in its motion for a new trial, in its motion of arrest of judgment or in its assignments of error. It is too late for these objections to be made at this time. (*Graham v. City of Chicago, supra; Pickett v. Kuchan,* 323 Ill. 138; *Highway Com'rs v. City of Bloomington,* 253 Ill. 164; *Tucker v. Duncan,* 224 Ill. 453; *Chicago, B. & Q. R. Co. v. Dickson,* 143 Ill. 368.)

It is also claimed that it was not shown that the city had either actual or constructive notice of the defect in the street in time to have repaired same before the accident. The motorman testified that the hole existed for a month before the accident; that it kept getting larger from automobiles going over and through it; and that the asphalt was "working away." At least one side, corner or edge of the hole was directly underneath the heel of the step of the street car. It was so situated and of such size and character as to be dangerous to passengers alighting from street cars at that point. A police officer was usually stationed at that busy street intersection. These facts, which were undisputed, showed that the street was out of repair and in a dangerous condition for such a length of time that the public authorities of the city, by the exercise of reasonable care, might have learned of the condition, and under such circumstances no actual notice need be shown to render the city liable for an injury caused by such a defect. (*City of Chicago v. Dalle,* 115 Ill. 386.) Under the facts of this case whether the duration of the condition constituting the defect in the street was sufficient to warrant the presumption of notice was a question of fact for the jury. (*City of McLeansboro v. Trammel,* 109 Ill. App. 524.)

It is insisted that the amount of the verdict, $2,250, is excessive. Plaintiff suffered chip fractures of the

lower end of the fibula and of the front end of the astragalus. A cast was placed upon her foot for five weeks. For several weeks she could walk only with the aid of crutches and then with the aid of a cane. She was incapacitated for a long period from performing her duties in her home and store. She testified that at the time of the trial she occasionally had pain in her ankle and instep "when I walk or sometimes I am too much on my feet or the change of weather bothers me quite a bit." There was 25 per cent limitation of motion of her ankle a year and a half after the accident. We are of the opinion that the amount awarded plaintiff is not excessive.

It is strongly argued that plaintiff's first and third given instructions were erroneous and prejudicial, the first in singling plaintiff out and glorifying her as a witness, and the third because it improperly assumed that plaintiff was entitled to damages, and because it did not limit same to her physical injuries or as to such mental suffering on her part as was connected with her physical injuries.

We perceive nothing prejudicial in plaintiff's first instruction. It merely pointed out her right to testify in her own behalf and advised the jury that her testimony was to be considered with all of the evidence in the case, and that it was to be given such weight and credit as the jury might believe it to be entitled from all of the facts and circumstances in evidence. We think the objection to this instruction is untenable.

While plaintiff's third instruction is somewhat inaptly drawn, in our opinion, it neither assumes defendant's liability nor that plaintiff suffered damage. It merely advised the jury as to the elements of damage that might be considered by it if it properly found the city guilty and that plaintiff suffered damages because of such guilt. Not even by a strained construction of the instruction can it be said that it even intimated

that damages might be included in its verdict for worry, humiliation or grief. It did not even include the element of mental suffering attendant upon or arising from and connected with her physical injuries, which it properly might have done. (*Klatz v. Pfeffer*, 333 Ill. 90; *Chicago City Ry. Co. v. Anderson*, 182 Ill. 298.) The instruction is not entirely free from objection, but we are of the opinion that it could not have misled the jury and that defendant was not materially prejudiced by it.

The evidence amply justified the verdict of the jury and as there were no prejudicial errors upon the trial, the judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.