(No. 4574— )

GLADYS HAMMER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1955.*

*Petition of Claimant for rehearing denied October 21, 1955.*

EUGENE H. WIDMAN, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Claimant, Gladys Hammer, has filed suit for damages resulting from injuries sustained by her while walking across the intersection of Ash Street in St. Clair County.

The record consists of the complaint, transcript of evidence, Departmental Report, statement brief and argument of claimant, statement brief and argument of respondent, and the Commissioner's Report.

The facts of the case are as follows:

Claimant, Gladys Hammer, and her husband live three houses east of the intersection of Lake Park Drive and Ash Street in St. Clair County. Their home is not in an incorporated territory.

On the evening of August 3, 1953, about 9:00 P.M., she and her husband started walking west to the Levee Board Canal, which was a short distance away. In so doing, they crossed the intersection of Ash Street, as it meets Lake Park Drive. It was light enough to see the walk and the roadway area at the time.

At or about 9:30 P.M., they started to retrace their way home, and, upon entering Ash Street, claimant, Gladys Hammer, stepped into a hole in the road, which was described as being 2 feet wide, 3 feet long, and 6 inches deep. It is to be noted that it was then dark, and there were no street lights at this intersection.

Mrs. Gladys Hammer suffered a fractured right ankle, and was obliged to wear a cast for six weeks. She spent the sum of $72.00 for medical treatment and X-Rays, and paid out the sum of $110.50 for maid service. She also alleges that she lost six weeks of work at her husband's tavern.

Considerable evidence was introduced as to whether or not the State of Illinois or the County Highway Department was responsible for the maintenance of this particular area. In fact, the State Highway Department had never taken over the maintenance of this strip, and, from the evidence, it appears that there were several sizeable holes in the cross-walk area. The Commissioner concluded that the area was within the property line of the State of Illinois, and that the State Highway Department should have provided the necessary maintenance.

Mrs. Hilda Mercer, who lived in the corner house, testified that the holes in the cross-walk area of the road had been there for four or five months, and this Court believes that, such being the case, the state had constructive notice of a dangerous condition, as it applied to pedestrians.

The crux of this case is whether or not complainant is guilty of contributory negligence, as the necessary elements for recovery are present, if the Court can find from the record that the claimant has established by a preponderance of the evidence that she exercised due care and caution for her own safety.

An examination of the record discloses that claimant had lived within 200 feet of the crossing since October of 1952, a period of ten months before the date of the accident in question. (Record, page 5).

She stated that she had never crossed the particular cross-walk before August 3, 1953. (Record, page 19).

On cross examination, page 19, the following questions were asked, and answers given:

"Q. Did you know in a general way, the condition of that intersection?
A. No, when we crossed it, I guess I noticed it, but I just didn't pay any attention to it because it was light, you know, when we started walking." .

In the record, page 20:

"Q. Did you know before this, when you were walking across it the first time, that the intersection was not paved?
A. I didn't pay any attention to it."

On page 32 of the record, the following appears:

"Q. Were there other holes there in addition to this one?
A. There was holes all the way across there. It was a bad intersection.
Q. Had you walked past those holes when you were going in the other direction, earlier in the evening?
A. Well, I guess I had. But it wasn't dark when I walked up the street.
Q. You don't remember walking around the hole then?
A. I didn't pay any attention to it. I don't have any idea whether I did or not. I just walked down the street.
Q. You don't remember walking around any holes?
A. I guess I did. It was daylight, and I guess I wouldn't step in. those holes.
Q. Do you know whether you walked through them or around them?
A. I imagine I walked around them.
Q. Do you remember how many you walked around?
A. I guess there was a couple of them. They were pretty good sized holes, but that one was bad."

Counsel in his brief on the element of contributory negligence cites the case of *City of Mattoon* vs. *Haller,* 217 Ill. 273. At page 281, the court held that, when a man knows of a defect in a sidewalk, and walks thereon, his acts are not negligence ''per se'', but may be considered by the jury with all other facts in the case. It appeared in that case that the other wooden sidewalks available to the plaintiff were likewise in a very defective condi-

tion, and the court refused to disturb the finding of the jury.

In the case of *Courtney* vs. *State*, 19 C.C.R. 210, a child of the age of 9 stumbled over a "stob", i.e., a piece of pipe set in concrete about 2 inches high, and fell from a platform down certain concrete stairs, and was seriously injured. To the state's contention that the child could not recover because of contributory negligence, the Court held that a child between the ages of 7 and 14 is only held to a standard of care commensurate with that of children of like age and experience. The Court in that opinion cited *Graham* vs. *City of Chicago*, 346 Ill. 638.

"A person using a sidewalk may ordinarily assume it is in a reasonably safe condition, and need not keep his eyes fixed on the pavement to search out defects and dangers."

While it is true that claimant could assume that a sidewalk was in a reasonably safe condition, and was not required to search out hidden defects, the fact remains that, if claimant was actually aware of a dangerous condition, she could no longer indulge in a presumption, or assume that the walk was in a reasonably safe condition.

This Court has held that a claimant must prove the exercise of due care and caution before an award can be made, citing *Stephens* vs. *State*, 19 C.C.R. 207.

Our courts have held that a claimant cannot state that he did not see, when he must have seen had he properly exercised his faculty of sight, citing *Brinks* vs. *Village of Burnham*, 379 Ill. 193.

It is true that, at the time of the accident, in the instant case it was dark, and claimant could not see the defects in the pavement, but the inescapable fact is that claimant was aware of the condition of the cross-walk,

having walked around the holes less than thirty minutes prior thereto. Her indifference to a known danger negates her claim to freedom from contributory negligence.

The Court, therefore, finds that claimant has not proven the exercise of due care and caution on her part, and an award is denied.

### OPINION ON REHEARING

On July 23, 1955, claimant in the above entitled cause filed a petition for rehearing alleging that the previous opinion of this Court was:

1. Contrary to the weight of the evidence.
2. Contrary to the law applicable.
3. In error in finding that complainant was guilty of contributory negligence.

Complainant concluded with a prayer requesting a rehearing on the question of law in regard to claimant's contributory negligence, or, in the alternative, that the cause be remanded to the Commissioner for a further hearing on the question of claimant's knowledge of the defects in the street.

The report of the proceedings consists of 76 pages. There is no dispute about the existence of the holes in the street, and the responsibility of the state to maintain the area. There is no dispute that claimant was injured, and suffered pecuniary loss. The only bar to a recovery is whether claimant has satisfied the burden of proof required of her to establish by a preponderance of the evidence that she was free from contributory negligence.

The record discloses that claimant testified as to the condition of the street, and was cross-examined on the subject. This Court does not believe that additional testimony would be helpful in determining the issue.

Therefore, the request to refer the matter back to the Commissioner for additional testimony is denied.

At this juncture, it may be well to point out that the Court of Claims sits in the dual capacity of judge and jury. It must first decide questions of fact, and thereafter apply the law to said facts.

The question of contributory negligence is ordinarily a question of fact for a jury, and, if there is any evidence to support the burden of proof imposed on plaintiffs, the courts, on appeal, will not disturb the verdict. However, if there is no evidence sustaining the burden of proof, or if the evidence is based on mere conjecture, the courts, on appeal, will not permit a verdict to stand. At common law, contributory negligence is a complete defense to an action to recover for injuries negligently inflicted. *Butterfield* vs. *Forrester*, 11 East. 60.

In Illinois, the courts have reiterated this rule in many cases, and the Court of Claims has on previous occasions denied recovery where the burden of proof was not sustained. In a recent case, *Heston* vs. *Jefferson Building Corporation*, 332 Ill. App. 585, a woman recovered a judgment. At the conclusion of the case, a motion was made for judgment, notwithstanding the verdict, and it was granted.

On appeal, the court stated:

"A woman, to whom a six-inch step from black floor of ladies' rest room up to white marble floor, on which toilets were located, was visible when she entered room, was contributorily negligent, as a matter of law, in failing to see step when she left toilet five minutes later, so as to bar her recovery of damages from building owner for injuries sustained in fall on floor at step-off, in absence of evidence of any reason for such failure."

In the instant case, claimant walked around, or over, a certain intersection that was in a dangerous condition. In thirty minutes or less she retraced her steps, and

228

fell, suffering injuries. When she says that "she didn't pay any attention to the holes", this Court can only conclude that she did not use ordinary care under all the facts and circumstances of the case.

The law does not countenance the anomaly of one professing to look and not see that which is clearly visible.

Warren vs. Patton, 2 Ill. App. (2d) 173.
Roy vs. Chicago Motor Coach Co., 345 Ill. App. 296.
Donnelly vs. Real Estate Management Corp., 342 Ill. App. 453.

For the reasons above stated, the petition for rehearing is denied.